William D. ARMSTRONG,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 92–9014.

United States Court of Appeals,
Tenth Circuit.

Feb. 2, 1994.

---

W. Thomas Finley (Jeffrey M. Travis with him on the brief), of Caolo, Meier & Jones, L.L.P., Dallas, Texas, for Petitioner–Appellant.

Regina S. Moriarty, Attorney, (Michael L. Paup, Acting Assistant Attorney General, Ann B. Durney, Attorney, with her on the brief), Tax Division, Department of Justice, Washington, D.C., for Respondent–Appellee.

Before BALDOCK, McWILLIAMS, and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

Petitioner appeals the order of the United States Tax Court dismissing his petition as untimely. We have jurisdiction pursuant to I.R.C. § 7482, and we affirm.

On March 2, 1990, the Internal Revenue Service ("IRS") sent by certified mail a notice of deficiency to Petitioner for his individual tax liability for the 1985 and 1986 tax years. The notice was addressed to P.O. Box 35343, Tulsa, Oklahoma, the address the IRS determined was Petitioner's "last known address" within the meaning of I.R.C. § 6212(b)(1). On March 22, 1990, after leaving two certified mail notices in this post office box, the post office returned the certified letter to the IRS marked "unclaimed."

The facts leading up to the IRS's mailing of the deficiency notice to Petitioner are essentially undisputed. At all times from December 30, 1988, through the time of the hearing in this matter, Petitioner had been registered as the renter of P.O. Box 35343, Tulsa, Oklahoma. The record reveals that from the years 1985 through 1989, Petitioner used the following addresses on his Federal income tax returns:

| Year | Address |
|------|---------|
| 1985 | P.O. Box 35343 |
| 1986 | P.O. Box 35343 |
| 1987 | 4150 S. 100th E. Avenue Ste. 308 |
| 1988 | P.O. Box 74153 |
| 1989 | P.O. Box 35343 |

In connection with the audit of Petitioner's 1985 and 1986 tax returns, Revenue Agent Terri Marino mailed correspondence to Petitioner at the 4150 S. 100th E. Avenue address. This address was the address of Terry Cumbey, Petitioner's tax preparer for his 1987 tax return. In a telephone call on February 8, 1989, Mr. Cumbey informed Agent Marino that the 4150 S. 100th E. Avenue address was his own business address and that he no longer represented Petitioner. Mr. Cumbey also informed Agent Marino that Petitioner's current mailing address was P.O. Box 35343. Thereafter, the IRS forwarded a Form 872 (Consent to Extend Time to Assess Tax) to Petitioner at the P.O. Box 35343 address. Petitioner received the form, signed it, and returned it to the IRS together with a Form 2848 naming R. Paul Cecil as his attorney representative. Both documents reflected Petitioner's current address as P.O. Box 35343. The Form 872 also stated after the P.O. Box 35343 address: "[f]ormerly of 4150 S. 100th E. Ave." Thereafter, on August 2, 1989, the IRS mailed further correspondence to Petitioner at the P.O. Box 35343 address, which evidence before the Tax Court indicates Petitioner received.

On December 12, 1989, Mr. Cecil called Agent Marino and informed her that he was no longer representing Petitioner. Mr. Cecil also informed Agent Marino that Petitioner could be reached at 417 W. 7th Street, and he provided her a telephone number. After receiving this information from Mr. Cecil, Agent Marino attempted to contact Petitioner, leaving a message on Petitioner's answering machine. Petitioner never returned her call. On December 15, 1989, and January 23, 1990, the IRS mailed additional Forms 872 to Petitioner at the P.O. Box 35343 address. These correspondences were returned marked "unclaimed."

On January 31, 1990, the IRS initiated a separate audit of Petitioner's 1987 tax return. Revenue Agent Linda Burgess handled this audit and made an entry in her file that Petitioner's address appeared to be the same as that listed in the Tulsa business telephone directory, 417 W. 7th Street, Tulsa, Oklahoma. She was later able to confirm this address through contact with an attorney, Mr. Doss, and through Petitioner himself.

IRS employee Janet Shell was responsible for preparing Petitioner's notices of deficiency for the 1985 and 1986 tax years. Pursuant to routine procedure, Ms. Shell generated a computer printout on February 7, 1990, which showed Petitioner's address as P.O. Box 74153, Tulsa, Oklahoma 74153—the address given on Petitioner's most recently filed return.[1] Suspecting a mistake in the address because the post office box number and the zip code were identical, Ms. Shell checked the zip code directory and discovered that there was no such post office box within the 74153 zip code. Ms. Shell then reviewed all the information in Petitioner's file and concluded that P.O. Box 35343 was the correct address. On March 2, 1990, the IRS mailed the notice of deficiency at issue in this case to the P.O. Box 35343 address, and, after two certified notices were left in the post office box, the deficiency notice was returned on March 22, 1990 marked "unclaimed."

On August 29, 1991, Petitioner filed a petition in the Tax Court seeking redetermination of the tax deficiency assessed against him for the 1985 and 1986 tax years. The Commissioner filed a motion to dismiss the petition as untimely because it was not filed within ninety days of the mailing of the notice of deficiency as required by I.R.C. § 6213(a). Petitioner objected to the Commissioner's motion to dismiss claiming that the IRS's notice of deficiency was insufficient because it was not sent to his last known address, as required by I.R.C. § 6212(b)(1). Petitioner claimed that his last known address on March 2, 1990, was P.O. Box 74153, Tulsa, Oklahoma, 74153, the address on his 1988 tax return. Petitioner further claimed that the IRS knew of two additional addresses to which to direct correspondence to him: (1) the address shown on his 1987 return, and (2) an address the IRS used to send Petition-

---

1. The IRS did not receive Petitioner's 1989 tax return bearing the P.O. Box 35343 address until October 15, 1990.

er a letter involving the audit of his 1987 return. Petitioner claimed that these correspondences proved that the IRS had been given "clear and concise notification" of several different addresses to which, in the exercise of reasonable diligence, the IRS should have sent the notice of deficiency.

After a hearing on the matter, the Tax Court dismissed Petitioner's petition for lack of jurisdiction because the petition was filed more than ninety days after March 2, 1990. The court found that the address to which the IRS mailed Petitioner's notice of deficiency was a correct address when mailed and remained an address of Petitioner's through the time of the hearing before the Tax Court. The court further found that Petitioner was not a credible witness, and concluded that Petitioner had refused to take receipt of the notice of deficiency. The court finally concluded that in light of all the surrounding circumstances, the Commissioner reasonably believed that Petitioner wished correspondence in this case to be mailed to P.O. Box 35343, Tulsa, Oklahoma, making this address Petitioner's last known address within the meaning of I.R.C. § 6212(b)(1).

Petitioner appeals claiming that the Tax Court erred in concluding that the IRS mailed the notice of deficiency to Petitioner's last known address. Petitioner argues that the IRS had clear and concise notice that Petitioner's last known address was 417 W. 7th Street, and the IRS failed to exercise reasonable diligence in mailing the notice of deficiency to Petitioner.

▊ We first must determine our standard of review. The historical facts and legal standard governing the last known address determination are undisputed. The issue centers on the Tax Court's ultimate conclusion that the Commissioner mailed the notice of deficiency to Petitioner's last known address within the meaning of I.R.C. § 6212(b)(1). As such, the issue is a mixed

question of law and fact. *See Pullman–Standard v. Swint,* 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 1790 n. 19, 72 L.Ed.2d 66 (1982) (mixed questions are "questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard"). We review mixed questions under the clearly erroneous or de novo standard, depending on whether the mixed question involves primarily a factual inquiry or the consideration of legal principles. *Ershick v. United Missouri Bank,* 948 F.2d 660, 666 (10th Cir.1991). We have held that the last known address determination involves primarily a factual inquiry, *see Cyclone Drilling, Inc. v. Kelley,* 769 F.2d 662, 664 (10th Cir.1985); as a result, clearly erroneous review is appropriate. *See Estate of Holl v. Commissioner,* 967 F.2d 1437, 1438 (10th Cir.1992) (Tax Court's factual findings subject to clearly erroneous review); *see also King v. Commissioner,* 857 F.2d 676, 678–79 (9th Cir.1988) (last known address determination subject to clearly erroneous review).

▊ Petitioner's first claim is that the IRS failed to mail the notice of deficiency to his last known address because it had clear and concise notice that Petitioner's last known address was 417 W. 7th Street. We disagree.

▊ The IRS must give notice to the taxpayer before it may assess or collect any tax deficiency. I.R.C. §  6213(a).[2] A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's "last known address." I.R.C. § 6212(b)(1); *see also Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir.1992). The term "last known address" has been defined by case law to mean "that address to which the IRS reasonably believes the taxpayer wishes the notice sent." *Cyclone Drilling,* 769 F.2d at 664 (citation omitted). The IRS is entitled

---

2. If the notice of deficiency is sufficient, the taxpayer has ninety days in which to file a petition for redetermination of the deficiency. I.R.C. § 6213(a). If the taxpayer fails to file a petition within this ninety-day period, the Tax Court lacks jurisdiction to entertain the case. *See e.g., Laing v. United States,* 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 476 n. 4, 46 L.Ed.2d 416 (1976); *Monge v.* *Commissioner,* 93 T.C. 22, 27, 1989 WL 75172 (1989). Even so, the taxpayer is not without an avenue of redress; rather, he is entitled to pay the full tax and then bring an action in federal district court to challenge the assessment. *See* I.R.C. § 7422; *Fidelity Bank, N.A. v. United States,* 616 F.2d 1181, 1182 n. 1 (1980).

to rely on the address shown on the taxpayer's tax return for the year in question unless the taxpayer satisfies his burden to provide clear and concise notice of his current address to the IRS. *Id.* "Clear and concise notice is notice by which the taxpayer indicates to the IRS that he wishes the new address to *replace* all old addresses in subsequent communication." *Id.* (emphasis in original). A subsequent tax return bearing a new address provides the IRS with clear and concise notice; therefore, the address on the taxpayer's most recent tax return is ordinarily deemed to be his last known address. *Id.*

At the time the IRS mailed Petitioner's notice of deficiency for the 1985 and 1986 tax years, Petitioner's most recent tax return, the 1988 tax return, contained the address P.O. Box 741537, Tulsa, Oklahoma 741537. This address, however, as the revenue agent alertly discovered, was nonexistent. Furthermore, correspondence to the 4150 S. 100th E. Avenue Ste. 308 address contained on Petitioner's 1987 tax return, revealed that it was the address of an accountant who no longer represented Petitioner. In the face of such information, the IRS could not reasonably conclude that either address on Petitioner's 1987 or 1988 tax return constituted clear and concise notice of Petitioner's current address. As a result, the IRS was entitled to rely on the address shown on Petitioner's 1985 and 1986 tax return (P.O. Box 35343), as those tax returns were the subject of the audit, unless Petitioner, in some other fashion, provided clear and concise notice to the IRS that he wished a new address to replace the P.O. Box 35343 address.

We conclude the Tax Court's determination that Petitioner has failed his burden of showing that he provided the IRS with clear and concise notice that his last known address was 417 W. 7th Street is not clearly erroneous. The only knowledge the revenue agent handling Petitioner's 1985 and 1986 audit had of the 417 W. 7th Street address came from Mr. Cecil who, after disclosing that he no longer represented Petitioner, informed the agent that Petitioner could be reached at this address and gave her a phone number. Mr. Cecil at no time informed the agent that Petitioner intended the 417 W. 7th Street address to *replace* all of Petitioner's addresses for the purposes of future correspondence, and given Mr. Cecil's withdrawal from representation of Petitioner, it is unclear whether he even had the authority to do so. Further, although the revenue agent left a message for Petitioner at the phone number given her by Mr. Cecil, Petitioner never responded, thereby casting some doubt on Mr. Cecil's information.

■ Petitioner also claims the IRS failed to exercise reasonable diligence in mailing the notice of deficiency to the P.O. Box 35343 address, because it failed to send duplicate notices to all known addresses, it failed to look to outside sources to determine Petitioner's address, and it failed to conduct further research to ascertain the 417 W. 7th Street address, once the notice was returned marked "unclaimed."

■ In a last known address determination, the focus is on the information available to the IRS at the time it issued the notice of deficiency, rather than what may in fact be the taxpayer's correct address. *Cyclone Drilling*, 769 F.2d at 664. The IRS is required to use reasonable diligence in attempting to ascertain the taxpayer's correct address. *Id.* In discharging its burden of reasonable diligence, the IRS is entitled to rely on those documents which are submitted by the taxpayer. *Eschweiler v. United States*, 946 F.2d 45, 49 (7th Cir.1991); *Brown v. Commissioner*, 78 T.C. 215, 219, 1982 WL 11188 (1982). It is the taxpayer's responsibility to notify the IRS of any changes in address, *Tadros v. Commissioner*, 763 F.2d 89, 91 (2d Cir.1985), and the burden rests with the taxpayer to show that the IRS failed to exercise reasonable diligence in ascertaining the last known address, *Cyclone Drilling*, 769 F.2d at 664.

We conclude the Tax Court's finding that the IRS exercised reasonable diligence in ascertaining Petitioner's last known address is not clearly erroneous. Contrary to Petitioner's assertion, reasonable diligence does not require that the IRS send duplicate notices to every address of which it has knowledge. *Marks v. Commissioner*, 947 F.2d 983, 986 (D.C.Cir.1991); *Pomeroy v. United States*, 864 F.2d 1191, 1195 (5th Cir.1989).

Petitioner relies on the IRS manual which directs an agent to send duplicate notices "if there is any doubt as to what constitutes the last known address of the taxpayer." "It is well-settled, however, that the provisions of the manual are directory rather than mandatory ... and clearly do not have the force and effect of law." *Marks,* 947 F.2d at 986 n. 1; *see also Pomeroy,* 864 F.2d at 1194–95. Furthermore, under the facts of this case, the revenue agent reasonably did not doubt that P.O. Box 35343 was Petitioner's last known address. In reviewing Petitioner's file, the agent determined that the last correspondence received from Petitioner bore the P.O. Box 35343 address and that there had been successful communication with Petitioner through the use of this address. Moreover, although two correspondences mailed to this address were subsequently returned, they were not returned marked "undeliverable;" instead, they were merely unclaimed.

Likewise, the IRS's failure to look to outside sources to determine Petitioner's address does not indicate that the IRS failed to exercise reasonable diligence. The fact of the matter is that P.O. Box 35343 was a current and correct address of Petitioner at the time the notice of deficiency was mailed, and any research of outside sources would merely have confirmed this.[3] That the agent conducting the audit of Petitioner's 1987 tax return located the 417 W. 7th Street address in the business telephone directory does not signify that the agent conducting the audit of the 1985 and 1986 returns failed to exercise reasonable diligence. The only reason the agent conducting the 1987 audit could rely on the 417 W. 7th Street address was because Petitioner returned this agent's telephone call and confirmed the address change. He did not do so, however, until March 19, 1990, making this information unavailable to the agent responsible for mailing the March 2, 1990 notice of deficiency. Furthermore, Petitioner had been contacted earlier by the agent conducting the 1985 and 1986 audit, and he failed to return her call, thereby avoiding an opportunity to alert the agent to an address change. Given that the IRS is entitled to rely on information provided by

Petitioner, and Petitioner did not notify the IRS prior to the mailing of the notice that he wished to replace the P.O. Box 35343 address, the IRS, in the exercise of reasonable diligence, mailed the notice to the P.O. Box 35343 address. *See Guthrie,* 970 F.2d at 737 (I.R.C. § 6212(b)(1) met even when notice returned unclaimed, when evidence indicates notice was sent to correct and current address).

■ Finally, we reject Petitioner's argument that the IRS failed to exercise reasonable diligence because it failed to conduct further research to ascertain the 417 W. 7th Street address, once the notice of deficiency was returned marked "unclaimed." We agree with the Fifth, Seventh, and Ninth Circuits, as well as the Tax Court, that the IRS's duty to exercise reasonable diligence in ascertaining a taxpayer's last known address extends only to the point in time when the deficiency notice is mailed. *See Eschweiler,* 946 F.2d at 49–50; *Pomeroy,* 864 F.2d at 1195; *King,* 857 F.2d at 681; *Monge v. Commissioner,* 93 T.C. 22, 33, 1989 WL 75172 (1989).

■ As the Third Circuit explained in *Delman v. Commissioner,* 384 F.2d 929, 932–33 (3d Cir.1967), *cert. denied,* 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968), Congress enacted I.R.C. § 6212(b)(1) to protect the Commissioner in those circumstances where the deficiency notice was not received for some unforeseeable reason on the part of the issuing agent. Thus, § 6212(b)(1) explicitly states that a notice of deficiency is valid *"if mailed* to the taxpayer at his last known address." *Id.* (emphasis added). As a result, the validity of a notice of deficiency turns on whether the IRS used the last known address when the notice was *mailed,* regardless of whether it is ever received. *Eschweiler,* 946 F.2d at 49; *see also Guthrie,* 970 F.2d at 737 ("[t]he IRS satisfies its obligation to mail a notice of deficiency if the notice is sent to the taxpayer's last known address, even if the taxpayer does not actually receive the notice"). A notice which is mailed in conformity with § 6212(b)(1) is valid, and "[n]othing in the statute suggests that

**3.** Indeed, Petitioner again used P.O. Box 35343 as his address on his 1989 tax return.

the IRS is obligated to take additional steps to effectuate delivery if the notice is returned." *King,* 857 F.2d at 681. *But cf. Powell v. Commissioner,* 958 F.2d 53, 56–57 (4th Cir.) (relying in part on events transpiring after notice of deficiency mailed in concluding IRS lacked due diligence), *cert. denied,* — U.S. —, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). Consequently, because the IRS mailed the notice to Petitioner's last known address, it had no further obligations of reasonable diligence after the notice was returned unclaimed.

AFFIRMED.