**J. Charles F. GILLE, Plaintiff–Appellee,**

v.

**UNITED STATES of America,
Defendant–Appellant.**

No. 93–5203.

United States Court of Appeals,
Tenth Circuit.

Aug. 17, 1994.

J. Charles F. Gille, pro se.

Loretta C. Argrett, Asst. Atty. Gen., Jonathan S. Cohen, Mary Frances Clark, Attys., Tax Div., Dept. of Justice, Washington, DC (Stephen Charles Lewis, U.S. Atty., Tulsa, OK, of counsel), for defendant-appellant.

Before MOORE and KELLY, Circuit Judges, and BABCOCK,* District Judge.

PAUL KELLY, Jr., Circuit Judge.

The government appeals the district court's judgment awarding damages pursuant to 26 U.S.C. § 7431 to plaintiff/taxpayer J. Charles F. Gille (taxpayer) arising from the allegedly unauthorized disclosure of tax return information, 838 F.Supp. 521. Because we find that the Internal Revenue Service (IRS) properly sent the notice of deficiency to taxpayer's last known address as required by 26 U.S.C. § 6212(b), thus making its collection activities authorized, we reverse.[1]

---

* Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Taxpayer and his wife Vicki filed their 1982 tax return jointly, listing an Orem, Utah address. Sometime after 1982, taxpayer and his wife moved from Utah to Oklahoma. Taxpayer did not notify the IRS of his new address, nor did he file a tax return for 1983 or for subsequent years.

In January 1985, the IRS mailed a notice of balance past due relating to the 1982 income tax return to taxpayer's previous Orem address. The Postal Service forwarded this notice to taxpayer and his wife in Oklahoma City. In May 1985, Vicki's attorney mailed a cashier's check to the IRS representing payment in full for the 1982 tax year. He accompanied the check with a letter requesting that the fact of payment be held in confidence by the IRS and stating that Vicki "does not wish to involve her husband in her efforts." App. at 144. Later in 1985, Vicki wrote to the IRS, identifying herself as Vicki Lynn Rebeck (Gille), using her new Oklahoma City address, and requesting a statement of account from the IRS. Upon receipt of this letter, the IRS changed Vicki's address in its files, but did not change taxpayer's address.

Beginning in 1985, Vicki filed tax returns under her maiden name and as "married but filing separately." Those returns did not include taxpayer's name or his social security number. In January 1987, the IRS created a substitute return for taxpayer for 1983 on which it used taxpayer's name and the social security numbers of both taxpayer and his wife. In October 1987, the IRS began a series of collection efforts relating to taxpayer's 1983 tax liability. The first of these efforts was the mailing of a "preliminary letter" to taxpayer at the Orem, Utah address. The Postal Service returned this letter to the IRS as "undeliverable." Four subsequent notices, including the statutory notice of deficiency, were also sent to the Orem address and similarly returned by the Postal Service. Eventually, in April 1989, the IRS finally discovered taxpayer's then-current address in Broken Arrow, Oklahoma. During the course of this investigation, certain disclosures were made by the IRS, and various notices of levy were mailed.

Taxpayer brought suit seeking damages for unauthorized disclosure of tax return information in violation of 26 U.S.C. § 6103(a) of the Internal Revenue Code. His theory was, because the notice of deficiency had not been sent to his last known address, the tax collection activities springing from that notice were unauthorized and, therefore, the disclosure of return information associated with those collection activities was similarly unauthorized.

The district court, holding that the notice of deficiency was invalid because it was not sent to taxpayer's last known address as required by 26 U.S.C. § 6212, awarded taxpayer $16,000 in damages. In so doing, the court held that the IRS had failed to exercise due diligence in ascertaining taxpayer's last known address, because it could have found that address by cross reference to taxpayer's wife's file data. The government now appeals.

■ The IRS is required to give a taxpayer notice before assessing an income tax deficiency. 26 U.S.C. § 6213(a). To give effective notice, the IRS must send notice of the deficiency by certified or registered mail. *Id.* § 6212(a). Notice of deficiency is sufficient, however, if mailed to a taxpayer's last known address, regardless of receipt. *Id.* § 6212(b). Whether the IRS has mailed a notice to a taxpayer's last known address is a mixed question of fact and law, but, because the last-known-address inquiry is primarily a factual one, we review the decision of the district court for clear error. *Armstrong v. Commissioner,* 15 F.3d 970, 973 (10th Cir. 1994).

■ Although not defined in the Internal Revenue Code, case law has interpreted the term "last known address" to mean " 'that address to which the IRS reasonably believes the taxpayer wishes the notice sent,' " *id.* (quoting *Cyclone Drilling, Inc. v. Kelley,* 769 F.2d 662, 664 (10th Cir.1985) (citation omitted)). Unless the taxpayer can prove that he or she has provided clear and concise notice of a new address, the IRS is entitled to rely on the address used on the return for the tax year in question or, as in this case, from taxpayer's most recent tax return. *See id.* at 973–74. Here, taxpayer's last tax return was

filed in 1982 and listed the Orem, Utah address. No further communication was ever received from taxpayer notifying the IRS of his move to Oklahoma.

 While the IRS must use reasonable diligence in ascertaining a taxpayer's address, *Cyclone Drilling,* 769 F.2d at 664, "the IRS is entitled to .rely on those documents which are submitted by the taxpayer," *Armstrong,* 15 F.3d at 974. That Vicki had corresponded with the IRS and had notified the agency of her new address is not tantamount to notice from taxpayer that he had also moved, particularly since Vicki had filed separately and pointedly stated earlier that she did not want to involve her husband in her tax matters. Indeed, the IRS would run a risk in relying on address information about a taxpayer submitted by a third party. *See United States v. Zolla,* 724 F.2d 808, 811 (9th Cir.) (notice sent to temporary address ineffective if not received), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). Under these circumstances, taxpayer, who did not bother to file a tax return after 1982, will not now be heard to complain that the IRS was not adequately diligent in its efforts to track him down.

 That notices sent to Orem were returned to the IRS as "undeliverable" does not render the notice of deficiency ineffective. As noted above, such notices are valid irrespective of their receipt as long as they are sent to a taxpayer's last known address. *Armstrong,* 15 F.3d at 973, 975; *see also Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir.1992). Taxpayer's argument that the IRS thus failed to demand payment is unavailing, as is his argument based on the alleged failure of the IRS to follow its internal procedures. " 'It is well-settled . . . that the provisions of the [procedures] manual are directory rather than mandatory . . . and clearly do not have the force and effect of law.' " *Armstrong,* 15 F.3d at 975 (quoting *Marks v. Commissioner,* 947 F.2d 983, 986 n. 1 (D.C.Cir.1991)).

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and this case is REMANDED for entry of judgment consistent herewith. The mandate shall issue forthwith.