61 F.3d 916
 76 A.F.T.R.2d 95-5903, 95-2 USTC P 50,451
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald M. MILLER and Laura K. Miller, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
Ollie B. ADAMS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 94-9008, 94-9016.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1995.
 
 Appeal from U.S. Tax Court
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 In case No. 94-9008, taxpayers Gerald M. and Laura K. Miller appeal the Tax Court's dismissal, for lack of jurisdiction, of their petition to redetermine a tax deficiency and their motion to restrain assessment and collection thereof. In case No. 94-9016, taxpayer Ollie B. Adams appeals the Tax Court's dismissal, for lack of jurisdiction, of his petition to redetermine his tax deficiency and his motion to restrain its assessment and collection. Because the petitions and motions of both the Millers and Mr. Adams were untimely, we affirm.
 
 
 3
 On March 13, 1991, the Internal Revenue Service (IRS) mailed a notice of deficiency to the Millers at their last known address of Route 2, Box 95-A, Tonganoxie, Kansas 66086. The notice was returned to the IRS as unclaimed or undeliverable. The Millers claim that they never received the notice, and that they believe it was delivered to another Gerald Miller on Route 2. On January 10, 1994, the Millers filed a petition with the Tax Court to have the deficiency redetermined and a motion to restrain its assessment and collection. Concluding that it lacked jurisdiction, the Tax Court dismissed the Millers' petition and motion as untimely.
 
 
 4
 On December 12, 1991, the IRS mailed a notice of deficiency to Mr. Adams at his last known address of 1905 Melody Lane S.W., Ardmore, Oklahoma 73401. Mr. Adams had moved from that address the previous April, and had filed a change of address card with the Postal Service. Although the forwarding order was still in effect, the Postal Service returned the letter to the IRS with the notations "Returned to Sender, Attempted, Not Known" and "FOE" (forwarding order expired). On March 9, 1993, the IRS sent Mr. Adams a notice of its intention to levy unless he paid the deficiency and assessed penalties. On July 6, 1993, Mr. Adams filed a petition with the Tax Court to redetermine the deficiency and a motion to restrain assessment and collection thereof. The petition and motion were dismissed as untimely.
 
 
 5
 Mr. Adams and the Millers appeal to this court pursuant to 26 U.S.C. 7482, arguing that the Tax Court erred in dismissing their cases for lack of jurisdiction. Findings of fact made by the Tax Court are reviewed under a clearly erroneous standard. Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992). The court's conclusions of law are reviewed de novo. Id.
 
 
 6
 Before assessing and collecting a tax deficiency, the IRS must notify a taxpayer by mailing a notice of deficiency to the taxpayer's last known address. 26 U.S.C. 6212(b)(1), 6213(a); Armstrong v. Commissioner, 15 F.3d 970, 973 (10th Cir.1994). So long as the notice is mailed to the taxpayer's last known address it is valid, even if the taxpayer does not receive it. See 6212(b)(1); Armstrong, 15 F.3d at 973. The taxpayer has ninety days from the mailing of the notice to petition the Tax Court for a redetermination of the deficiency. 6213(a). Thereafter, the Tax Court loses jurisdiction to entertain the taxpayer's petition. Armstrong, 15 F.3d at 973 n. 2.
 
 
 7
 The Millers and Mr. Adams argue that their late petitions should be excused because the postal service diverted or mishandled their notices of deficiency, citing Powell v. Commissioner, 958 F.2d 53, 56 (4th Cir.), cert. denied, 113 S.Ct. 440 (1992). We need not decide whether such a limited exception exists because neither the Millers nor Mr. Adams meet its requirements.
 
 
 8
 The Millers' mere speculation of postal error cannot overcome the law's "strong presumption ... that a properly addressed letter will be delivered, or offered for delivery, to the addressee." See Zenco Eng'g Corp. v. Commissioner, 75 T.C. 318, 323 (1980), aff'd, 673 F.2d 1332 (7th Cir.1981). Mr. Adams' petition was untimely in any event because it was filed more than ninety days after he received actual notice of the deficiency through the final notice of the IRS's intention to levy. See Powell, 958 F.2d at 57. Therefore, the Tax Court was correct in concluding that it lacked jurisdiction over the parties' cases.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470