**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RODNEY K. WILLIAMS,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 97-9021
Appeal from U.S. Tax Court
(T.C. No. 22254-96)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Rodney K. Williams seeks review of a decision by the United States Tax Court dismissing as untimely his petition for redetermination of deficiency. We affirm.

On January 11, 1996, the Commissioner of Internal Revenue (Commissioner) sent duplicate notices of deficiency to petitioner for his 1993 tax year. One of these notices was correctly addressed; the other was not. The correctly-addressed notice was returned to the Commissioner with the statement "Refused for cause without dishonor, Rodney Krusell Williams" written on each page.

On October 15, 1996, petitioner filed a petition in the Tax Court seeking a redetermination of the deficiencies and additions to tax asserted against him for 1993. Such petitions must be filed within ninety days of the mailing of the notice of deficiency. See 26 U.S.C. § 6213(a). Petitioner claims his petition was timely with respect to the incorrectly-addressed notice, which he says he did not receive until the middle of July. He also claims that the notice of deficiency he received in July was deficient because it was not dated.

Petitioner's contentions are frivolous. He does not contest the fact that on January 11, 1996, the Commissioner mailed to him, by certified mail, a correctly-addressed notice of deficiency for 1993. See Armstrong v. Commissioner, 15 F.3d 970, 973 (10th Cir. 1994) (stating notice of deficiency

-2-

is valid when mailed to taxpayer's last known address). The duplicate notice mailed to an incorrect address did nothing to vitiate the correctly-addressed notice of deficiency. Moreover, section 6212 of the Internal Revenue Code (26 U.S.C. § 6212) does not require that the notice of deficiency itself be dated. The Tax Court properly dismissed petitioner's petition.

Petitioner's brief in this court contains only a cursory discussion of the timeliness issue. Petitioner devotes most of his brief to irrelevant and frivolous "tax protest" arguments, such as that paper money (federal reserve notes) is not real money, that pertinent sections of the Internal Revenue Code violate the Interstate Commerce Clause, and that use of the dollar symbol ($) in the notice of deficiency has no meaning in law. The Commissioner has moved this court to impose sanctions against petitioner in the amount of $2000 for bringing this frivolous appeal. Petitioner was served with the motion and has had an opportunity to oppose the request for sanctions. See Braley v. Campbell, 832 F.2d 1504, 1515 (10th Cir. 1987) (party against whom sanctions are sought must have notice and an opportunity to be heard). He has not responded. Because petitioner's arguments on appeal are legally frivolous, we impose sanctions against him in the amount of $1500. See Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir. 1986) (adopting flat fee of $1500 as sanction for frivolous appeal from a Tax Court decision).

The judgment of the United States Tax Court is hereby AFFIRMED.  The Commissioner's motion for sanctions is GRANTED in the amount of $1500.

Entered for the Court

David M. Ebel
Circuit Judge