T.C. Memo. 2001-156


UNITED STATES TAX COURT


MICHAEL RISING SUN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1524-00.                    Filed June 28, 2001.


Michael Rising Sun, pro se.

<u>Christa Gruber</u> and <u>Ann M. Welhaf</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) and section 7502.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies and additions to tax in petitioner's Federal income taxes as follows:

|      |            | Additions to Tax |           |
|------|------------|------------------|-----------|
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6654 |
| 1988 | $1,523     | $381             | $96       |
| 1989 | 1,790      | 448              | 121       |
| 1990 | 3,837      | 959              | 252       |
| 1991 | 3,869      | 967              | 222       |
| 1992 | 2,614      | 654              | 114       |
| 1993 | 2,363      | 591              | 96        |

At the time the petition was filed with this Court, petitioner resided in Ottumwa, Iowa. Petitioner filed an objection to respondent's motion to dismiss. Respondent filed a response to petitioner's objection.

Petitioner did not file tax returns for the taxable years 1988 through 1993. The last year for which he filed a return prior to 1988 was 1986.

On April 4, 1996, respondent mailed petitioner a notice of deficiency for the years 1988 through 1993. The notice was sent by certified mail to petitioner at 713 7th St., SW, Albuquerque, NM 87102-3813 (Albuquerque address). Respondent also sent a duplicate notice of deficiency on the same day by certified mail to petitioner at 73 Forest St., Attleboro, MA 02703 (Attleboro address). The notice of deficiency sent to the Albuquerque address was returned by the U.S. Postal Service with a notation of "Unclaimed". The notice of deficiency sent to the Attleboro address was returned by the U.S. Postal Service with a notation of "NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD".

On September 24, 1999, petitioner contacted the Internal Revenue Service and inquired about his tax account. On October 28, 1999, respondent responded to petitioner and sent a copy of the notice of deficiency, which petitioner received on November 5, 1999. The petition was mailed on January 11, 2000, and filed on February 8, 2000.

Respondent moved to have this case dismissed for lack of jurisdiction upon the ground that the petition was not filed within the time prescribed by section 6213(a) and section 7502. Petitioner contends that he filed the petition on January 11, 2000, within the 90-day period from October 28, 1999, the date that the copy of the notice was mailed to him after he contacted the Internal Revenue Service.

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989). Pursuant to section 6213(a), the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency. If the petition is not filed within 90 days, then it is untimely, and we have no jurisdiction to redetermine the deficiency. Sec. 6213(a).

Section 6212(a) expressly authorizes the Commissioner, after

determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient if it is mailed to the taxpayer at the taxpayer's "last known address". Sec. 6212(b)(1); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a notice of deficiency is mailed to a taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987).

Although the phrase "last known address" is not defined in the Code or the regulations thereunder, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a different address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). A taxpayer is obliged to provide the Commissioner with clear and concise notice of a change of address, but the Commissioner must exercise reasonable care and diligence in ascertaining the taxpayer's correct address. Frieling v. Commissioner, supra at 49. In deciding whether the Commissioner mailed a notice to a taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to respondent's knowledge rather than to what may in fact be the taxpayer's most current address." Id. Once the Commissioner has mailed the notice of deficiency to the taxpayer's last known address, the Commissioner's reasonable diligence obligation has been

satisfied. <u>King v. Commissioner</u>, <u>supra</u> at 679. The taxpayer bears the burden of proving that the notice was not sent to the taxpayer's last known address. <u>Yusko v. Commissioner</u>, 89 T.C. 806, 808 (1987).

On January 6, 1994, respondent's records showed petitioner's last known address as the Albuquerque address based upon petitioner's latest and most recently filed Federal tax return which was for the 1986 taxable year. Respondent's records also showed the Attleboro address based upon third party payer information reported by American Auto Transporters, Inc. regarding Forms 1099-Misc issued to petitioner for the years 1992 and 1993.

On July 26, 1994, respondent sent Address Information Request Forms 4759 to the U.S. Post Offices of Albuquerque and Attleboro to verify whether mail was deliverable to the respective addresses. The Albuquerque post office returned the form stating "Mail Is Delivered To Address Given". The Attleboro post office returned the form stating "Not Known At Address Given".

On February 29, 1996, prior to mailing the notice of deficiency, respondent verified that petitioner's last known address (Albuquerque address) had not changed. The Internal Revenue Service computer records which were printed on February 29, 1996, show that the Albuquerque and Attleboro addresses were

still the two addresses listed for petitioner.  Respondent then sent the notice of deficiency to both addresses.

On these facts it is clear that respondent exercised reasonable care and diligence in ascertaining petitioner's correct address.  Armstrong v. Commissioner, 15 F.3d 970, 975-976 (10th Cir. 1994), affg. T.C. Memo. 1992-328.  Prior to April 4, 1996, petitioner had not filed a return since 1986, nor had he filed a change of address with respondent.  Prior to that date, petitioner never gave clear and concise notification that he had moved to a new, permanent address.  Absent the proper notice, respondent correctly relied upon the address used on petitioner's most recently filed tax return, which the post office verified as "Mail Is Delivered To Address Given".  We find that the notice of deficiency was mailed to petitioner's last known address when mailed to petitioner at the Albuquerque address on April 4, 1996.  Thus, the petition, which was mailed on January 11, 2000, and which was filed on February 8, 2000, was not filed within the 90-day period under section 6213(a) and section 7502.

We hold that petitioner did not file his petition for redetermination with this Court within the time prescribed by section 6213(a) and section 7502.  Therefore, we lack jurisdiction to redetermine petitioner's 1988 through 1993 tax liabilities and additions to tax.  We grant respondent's motion to dismiss for lack of jurisdiction.

Petitioner is not without a judicial remedy.  Petitioner may pay the tax and file a claim for refund with the Internal Revenue Service.  If the claim for refund is denied, then petitioner may pursue his case in the appropriate Federal District Court or the U.S. Court of Federal Claims.  <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).

To reflect the foregoing,

<u>An order granting respondent's motion to dismiss for lack of jurisdiction will be entered</u>.