**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VAL GIBSON,

        Petitioner-Appellant,

        v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 07-9008

(United States Tax Court)

(CIR No. 23060-05)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge**, TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Val Gibson petitioned the United States Tax Court for redetermination of

deficiencies in income taxes asserted by the Commissioner of Internal Revenue

for the 1999, 2001, and 2002 tax years.  The court concluded that Gibson's

petition had not been timely filed, dismissed the case for lack of jurisdiction, and

denied Gibson's motion to vacate the dismissal order.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Exercising jurisdiction under 26 U.S.C. § 7482(a), we AFFIRM.

## I. Background

On August 31, 2005, the Commissioner issued Gibson a notice of deficiency for the 1999, 2001, and 2002 tax years. Pursuant to 26 U.S.C. §§ 6213(a) and (c), a taxpayer must file a petition for redetermination of the asserted deficiencies within 90 days of the issuance of the notice. The 90th day after August 31, 2005, was November 29, 2005.

On November 29, 2005, Gibson visited a United Parcel Service mail packing store in Las Vegas, Nevada, and paid to have his petition for redetermination mailed, via certified mail, to the United States Tax Court. A UPS employee date-stamped a certified mail sender's receipt (PS Form 3800) and gave it to Gibson, along with a sales receipt for the transaction. The date-stamp on the certified mail sender's receipt is November 29, 2005, and the sales receipt is dated November 29, 2005, at 1:01 PM.

For reasons that are unclear, the UPS store apparently waited until the next day and placed a postage meter stamp dated November 30, 2005, on the envelope, and deposited the envelope with the United States Postal Service. The Tax Court received the petition on December 5, 2005. The Commissioner moved to dismiss the petition on the grounds that it was untimely filed because the envelope was

postmarked November 30, 2005.[1]  The Tax Court granted the motion and Gibson

appeals the decision.

## II.  Discussion

Whether the Tax Court correctly dismissed a petition for lack of

jurisdiction is a mixed question of law and fact.  The Tax Court's factual findings

are reviewed for clear error, and its legal conclusions are reviewed de novo.

*Anderson v. Comm'r*, 62 F.3d 1266, 1270 (10th Cir. 1995).

### A.  *Statutory requirements for timely filing*

The Tax Court is a court of limited jurisdiction, and its power depends

upon express statutory authority.  *See Commissioner v. McCoy*, 484 U.S. 3, 7

(1987).  If a taxpayer fails to file a petition within the 90-day period, the Tax

Court lacks jurisdiction to redetermine the deficiency, and the petition must be

dismissed for lack of jurisdiction.  *See Armstrong v. Comm'r*, 15 F.3d 970, 973

n.2 (10th Cir. 1994); *Foster v. Comm'r*, 445 F.2d 799, 800 (10th Cir. 1971).  The

90-day statutory period "cannot be extended by the Court."  Tax Ct. R. 25(c).

As a general rule, a petition mailed by a taxpayer is considered filed when

it is received by the Tax Court.  *Crook v. Comm'r*, 173 F. App'x 653, 655 (10th

Cir. Mar. 27, 2006); *Sylvan v. Comm'r*, 65 T.C. 548, 550 (1975).  In this case, the

Tax Court received the petition after the ninety–day period expired.

---

[1]  The Commissioner did allow Gibson the opportunity for audit
reconsideration notwithstanding its decision to deny the untimely filed petition.

Several exceptions to this rule are provided by statute. *See* 26 U.S.C. § 7502. Under the first exception, "the date of the United States postmark stamped on the cover in which such [petition] is mailed shall be deemed to be the date of delivery." *Id.* § 7502(a)(1). The date stamped on Gibson's envelope was November 30, 2005. Because the deadline to file the petition was November 29, this exception does not apply.

Gibson nonetheless contends that his petition is timely under a separate exception described in § 7502(c)(1). Under this provision, if any petition "is sent by United States registered mail . . . such registration shall be prima facie evidence that the [petition] was delivered to the agency . . . and . . . the date of registration shall be deemed the postmark date." *Id.* Gibson argues that pursuant to § 7502(c)(1), the stamped certified mail sender's receipt, dated November 29, 2005, should be treated as prima facie evidence that he timely mailed his petition.

Section 7502(c)(2), however, authorizes the United States Treasury Department to "provide by regulations the extent to which the provisions of paragraph (1) with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail." These regulations are described in 26 C.F.R. § 301.7502-1(c). In particular, "[i]f the document or payment is sent by U.S. certified mail *and the sender's receipt is postmarked by the postal employee to whom the document or payment is presented*, the date of the U.S. postmark on the receipt is treated as the postmark date of the document or payment." *Id.*

-4-

§ 301.7502-1(c)(2) (emphasis added). This regulation does not permit someone other than a postal employee to place the postmark on the receipt. Congress and the Treasury Department intended § 7502(c)(1) to be a narrow exception because "[t]he scheme of the statute and implementing regulations is designed to avoid testimony as to [the] date of mailing in favor of tangible evidence in the form of an official government notation." *Shipley v. Comm'r*, 572 F.2d 212, 214 (9th Cir. 1977). This exception therefore does not apply to Gibson's petition because his receipt was postmarked by a UPS employee, not a postal employee.

Finally, 26 U.S.C. § 7502(f) permits the mark of certain private delivery services to be treated the same as a United States postmark. The Internal Revenue Service designated the following UPS services to be treated in such a manner: UPS Next Day Air, UPS Next Day Air Saver, UPS 2nd Day Air, UPS 2nd Day Air A.M., UPS Worldwide Express Plus, and UPS Worldwide Express. IRS Notice 2004-83, 2004-2 C.B. 1030. This exception does not apply to Gibson's petition, however, because he did not use any of these designated services. Instead, he mailed the petition via certified mail.

Accordingly, Gibson is not entitled to any of the statutory exceptions provided by Congress.

2. *Common law mailbox rule*

Gibson also argues his petition was timely filed pursuant to the common law mailbox rule. Under the mailbox rule, "proof of mailing of a properly

addressed communication bearing proper postage creates a rebuttable presumption the communication was received." *Sorrentino v. IRS*, 383 F.3d 1187, 1188 (10th Cir. 2004).

In *Sorrentino*, the IRS required the petitioners to file their 1994 income tax return by August 15, 1998. The taxpayers alleged that they timely mailed their 1994 return to the IRS via regular United States postal mail in March 1998, in plenty of time for it to be delivered by August 15. The IRS, however, insisted it had no record of receiving the taxpayers return until October 1998. The IRS disallowed the taxpayers' refund claim, and the taxpayers sued the IRS. *Id.* at 1188.

The IRS moved for summary judgment, arguing the taxpayers' claim was time-barred. In response to the summary judgment motion, Mr. Sorrentino produced an affidavit stating that he mailed the return in March 1998. The tax return also included a signature date of March 1. *Id.* at 1189. Over the IRS's objection, the district court applied the common law mailbox rule and denied the IRS's motion. *Id.* at 1188–89. The court subsequently granted the taxpayers' summary judgment motion on the merits.

On appeal, the IRS argued that the district court erred in denying the IRS's summary judgment motion because 26 U.S.C. § 7502 completely displaced the common law mailbox rule. We held otherwise. A majority of the panel concluded the mailbox rule survived the enactment of § 7502. *See Sorrentino*,

383 F.3d at 1194. The panel disagreed, however, about what evidence the taxpayer must produce at the summary judgment stage to trigger the mailbox rule's presumption of delivery. *See id.* at 1195.

Thus, under *Sorrentino*, even if Gibson produced sufficient evidence to trigger the mailbox rule, Gibson's petition would still be untimely. The mailbox rule merely creates a *rebuttable* presumption that the letter "reached its destination at the regular time." *Sorrentino*, 383 F.3d at 1189 (quoting *Rosenthal v. Walker*, 111 U.S. 185 (1884)). Unlike in *Sorrentino*, Gibson and the Commissioner agree that the Tax Court received Gibson's petition on December 5, 2005. This concession, therefore, rebuts any presumption that the documents arrived at the Tax Court on an earlier date.[2]

For these reasons, we conclude the Tax Court properly dismissed Gibson's petition because it was untimely. Parenthetically, although we affirm the dismissal of Gibson's petition, we note he is not without a remedy. He may still pay the deficiency determined against him and file a claim for refund with the IRS. If the IRS denies his claim or fails to act on it within six months, he may seek relief in the appropriate district court or the United States Court of Federal

---

[2] Even if Gibson had not made this concession, a court applying the mailbox rule would still conclude that his petition was untimely. Under the rule, we would not presume the mail to be delivered the same day it was received from the sender. Because Gibson gave the letter to UPS on November 29, a court would not presume the Tax Court received the letter the same day.

Claims.  *See* 26 U.S.C. §§ 6511(a), 6532(a)(1), 7422(a); 28 U.S.C. §§ 1346(a)(1),

1491(a)(1); *Armstrong*, 15 F.3d at 974 n.2.

### III.  Conclusion

Accordingly, we AFFIRM the district court's order dismissing Gibson's

petition.

Entered for the Court,


Timothy M. Tymkovich
United States Circuit Judge