# United States Tax Court

T.C. Memo. 2023-151

DZUY NGUYEN AND JESSICA THAI,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 1932-23.                          Filed December 20, 2023.

————

*John J. Nagle II* and *George S. Shakro*, for petitioners.

*Brian A. Press* and *Alexander R. Roche*, for respondent.


## MEMORANDUM OPINION

LAUBER, *Judge*: This deficiency case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent contends that the Petition was not filed within the time prescribed by section 6213(a)[1] and that the "timely mailed, timely filed" rule of section 7502 is unavailable on the facts of this case. Agreeing with respondent, we will grant the Motion.

### *Background*

The following facts are derived from the parties' pleadings and Motion papers, including the attached Exhibits. Petitioners resided in Colorado when the Petition was filed. Absent stipulation to the

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*2] contrary, appeal of this case would lie to the U.S. Court of Appeals for the Tenth Circuit. *See* § 7482(b)(1)(A).

On October 13, 2022, the Internal Revenue Service (IRS or respondent) sent petitioners a notice of deficiency for 2017 and 2018, determining income tax deficiencies of $2,572,624 and $113,318, respectively, and civil fraud penalties of $1,895,708 and $84,975. The first page of the notice advised petitioners that they had 90 days from the date of the notice to file a petition with this Court. The notice correctly stated that the last day on which petitioners could timely petition the Court was January 11, 2023. That day was not a Saturday, Sunday, or legal holiday in the District of Columbia.

Petitioners prepared a Petition seeking redetermination of the deficiencies. To deliver the Petition to the Court, petitioners used a Federal Express (FedEx) delivery service denominated "FedEx Ground." The Petition was deposited with FedEx on January 10, 2023, and was received and filed by the Court on January 12, 2023. The latter date was 91 days after the notice of deficiency was mailed.

On June 12, 2023, respondent filed a Motion to Dismiss for Lack of Jurisdiction, urging that the Petition was not timely filed. On July 12, 2023, petitioners objected to the Motion.

## *Discussion*

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress. *See* § 7442; *Sanders v. Commissioner*, No. 15143-22, 161 T.C., slip op. at 3–4 (Nov. 2, 2023); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 135 (2022). Jurisdiction must be proven affirmatively, and a taxpayer invoking our jurisdiction bears the burden of proving that we have jurisdiction over the case. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Romann v. Commissioner*, 111 T.C. 273, 280 (1998).

This Court's jurisdiction in a deficiency case is predicated on a valid notice of deficiency and a timely filed petition. §§ 6213, 7442; Rule 13(a), (c); *Hallmark*, 159 T.C. at 127, 166–67; *Monge v. Commissioner*, 93 T.C. 22, 27 (1989); *see Armstrong v. Commissioner*, 15 F.3d 970, 973 n.2 (10th Cir. 1994), *aff'g* T.C. Memo. 1992-328. For taxpayers in the United States, the petition must be filed within 90 days after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Colombia as the last day). § 6213(a). The Court lacks

[*3] authority to extend the 90-day period, and we must dismiss a case for lack of jurisdiction if the petition is not filed within the statutorily prescribed time. *Hallmark*, 159 T.C. at 166–67; *Joannou v. Commissioner*, 33 T.C. 868, 869 (1960).[2]

The Petition in this case was filed on January 12, 2023, one day after expiration of the 90-day filing period. In urging that we nonetheless have jurisdiction, petitioners rely on the "timely mailed, timely filed" rule in section 7502. It sets forth the general rule that, for any document "delivered by United States mail . . . the date of the United States postmark stamped on the cover . . . shall be deemed to be the date of delivery." § 7502(a)(1).

Petitioners did not send their Petition to the Court by U.S. mail, but rather used FedEx, a private delivery service. Section 7502(f), captioned "Treatment of Private Delivery Services," provides that "[a]ny reference in this section to the United States mail shall be treated as including a reference to any designated delivery service." Section 7502(f)(2) defines a "designated delivery service" to mean a private delivery service "if such service is designated by the Secretary for purposes of this section."

The IRS has published a list of all private delivery services that have been designated by the Secretary for purposes of section 7502. *See* I.R.S. Notice 2016-30, 2016-18 I.R.B. 676. This list includes certain forms of delivery made available by FedEx, but not FedEx Ground, the delivery service petitioners used. Notice 2016-30, 2016-18 I.R.B. at 676, specifically states that "FedEx . . . [is] not designated with respect to any type of delivery service not enumerated in this list." Because petitioners did not use a "designated delivery service" as defined by section 7502, they are unable to avail themselves of the "timely mailed, timely filed" rule. *Cf. Guralnik v. Commissioner*, 146 T.C. 230, 240–42 (2016) (holding that the "timely mailed, timely filed" rule does not apply to "FedEx First Overnight" because that service is not a designated private

---

[2] Absent stipulation to the contrary this case is appealable to the Tenth Circuit, and we thus follow its precedent, which is squarely on point. *See Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971). The Tenth Circuit has long agreed with this Court's holdings that the statutory period prescribed by section 6213(a) is a jurisdictional requirement. *See Armstrong v. Commissioner*, 15 F.3d at 973 n.2; *Foster v. Commissioner*, 445 F.2d 799, 800 (10th Cir. 1971). Thus, we need not address a recent ruling by the U.S. Court of Appeals for the Third Circuit that the statutory filing deadline in deficiency cases is a non-jurisdictional "claims-processing" rule. *See Culp v. Commissioner*, 75 F.4th 196, 205 (3d Cir. 2023).

[*4] delivery service); *Raczkowski v. Commissioner*, T.C. Memo. 2007-72, 93 T.C.M. (CCH) 1045, 1046 (holding that the "timely mailed, timely filed" rule does not apply to "UPS Ground" because that service is not a designated private delivery service).

Petitioners do not dispute that their Petition was filed after the 90-day period specified in section 6213(a), nor do they dispute that FedEx Ground is not on the list of private delivery services that have been "designated by the Secretary." Rather, they contend that FedEx Ground is "substantially identical" to "FedEx 2-Day," a delivery service that has been designated by the Secretary for purposes of section 7502. On the basis of this asserted similarity between the two delivery services, petitioners contend that the "timely mailed, timely filed" rule should be available to them.

Unfortunately we must disagree. FedEx Ground may well be substantially similar to the FedEx 2-Day delivery service. But this Court may not rely on general equitable principles to expand the statutorily prescribed time for filing a petition. *See Eichelburg v. Commissioner*, T.C. Memo. 2013-269, 106 T.C.M. (CCH) 606, 607. Congress has chosen to make the "timely mailed, timely filed" rule available for a private delivery service only "if such service [has been] designated by the Secretary." § 7502(f)(2). Because FedEx Ground has not been so designated, our hands are tied. We are not at liberty to make a designation that Congress has explicitly committed to the Secretary's discretion.

Because the Petition was not filed within the time prescribed by section 6213(a) and the "timely mailed, timely filed" rule is not available, we lack jurisdiction and must grant respondent's Motion to Dismiss. Although petitioners may not prosecute this case in the Tax Court, we note that they may pursue with the IRS an administrative resolution of their 2017 and 2018 tax liabilities. Another remedy potentially available to them is to pay the tax in dispute and file a claim for refund with the IRS. If that claim is denied (or not acted upon after six months), petitioners may file a suit for refund in the appropriate U.S. district court or the U.S. Court of Federal Claims. *See McCormick v. Commissioner*, 55 T.C. 138, 142 n.5 (1970).

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*