**Makram A. TADROS,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 990, Docket 84-4174.**

United States Court of Appeals,
Second Circuit.

Argued April 12, 1985.
Decided May 29, 1985.

Makram A. Tadros, pro se, New York City, for petitioner-appellant.

Patricia M. Bowman, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Tax Div., Dept.

of Justice, Washington, D.C., of counsel), for respondent-appellee.

Before MANSFIELD, KEARSE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

The sole issue on this appeal is whether a notice of deficiency was mailed to the taxpayer's "last known address" within the meaning of 26 U.S.C. § 6212(b)(1) so as to require him to file his petition for redetermination in the tax court within 90 days of the mailing. Because we agree with the court below that the taxpayer failed to provide the commissioner with a clear and concise notification of his change in address, we find that the IRS complied with the statute by mailing the notice to the address on the tax return. Accordingly, we affirm.

## BACKGROUND

When in 1982 plaintiff Makram A. Tadros filed his 1981 federal income tax return with the Internal Revenue Service, he listed 60 Lembert Lane, New Rochelle, New York as his address. In January 1983 Tadros moved from New Rochelle to Jersey City, New Jersey. On March 8, 1983, approximately two months after the move, and before the IRS had received Tadros's 1982 tax return listing his new address, the IRS mailed a notice of deficiency for the 1981 tax year to Tadros's old address in New Rochelle. Tadros did not instruct the New Rochelle post office to forward his mail; consequently, the notice was returned to the IRS marked "undeliverable".

When the notice was returned, an IRS employee, David Lavan, attempted to ascertain Tadros's correct address. First, Lavan requested an address update from the Internal Revenue Computer Service, Audit Information Management System ("AIMS"). Finding no address change listed with AIMS, Lavan requested a current address from the State of New York, one of Tadros's employers during 1981. This attempt, too, was unavailing, and no further attempts were made to locate Tadros.

Later, the IRS issued an adjustment computation for the 1981 late taxes, added an interest penalty of $932.09, and mailed notice of this adjustment to Tadros's new address on August 29, 1983. It was not until October 18, 1983, when Tadros inquired with the IRS about the August 29th notice, that Tadros learned of the March 8, 1983 mailing of the original notice of deficiency. Consequently, Tadros's petition for redetermination of the deficiency assessed in connection with his 1981 income tax return was not filed with the tax court until November 14, 1983, which was less than one month after he received actual notice of the deficiency assessment, but more than eight months after the original mailing of the notice of deficiency.

The IRS moved to dismiss Tadros's petition for lack of subject matter jurisdiction, since he had not filed his petition for redetermination within 90 days of the mailing of the notice of deficiency as required by 26 U.S.C. § 6213(a). Finding that the notice was mailed to Tadros's "last known address" within the meaning of 26 U.S.C. § 6212(b)(1), the tax court agreed with the IRS that Tadros had failed to meet the 90-day jurisdictional requirement and, accordingly, dismissed the petition. This appeal followed.

## DISCUSSION

A taxpayer objecting to a deficiency assessment must file his petition for a redetermination in tax court within 90 days of the mailing of the notice of deficiency by the IRS. 26 U.S.C. § 6213(a). The statute precludes the IRS from attempting to collect the assessed deficiency until the expiration of the 90 days or, if the taxpayer has filed a timely petition, until the decision of the tax court has become final. *Id.; Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982); *United States v. Ahrens*, 530 F.2d 781, 784 (8th Cir.1976). In the absence of the filing of a timely petition, the taxpayer's remedy is to pay the deficiency and bring an action in the district court for a refund. 26 U.S.C. § 7422.

Since the 90-day period of § 6213(a) is a jurisdictional requirement, *Johnson v. Commissioner*, 611 F.2d 1015, 1018 (5th Cir.1980); *Shipley v. Commissioner*, 572 F.2d 212, 213 (9th Cir.1977), failure to file within that time period requires dismissal of the petition. The 90-day period begins to run on the day the notice of deficiency is mailed. *Wilson v. Commissioner*, 564 F.2d 1317, 1319 (9th Cir.1977), *cert. denied sub. nom. Mercer v. Commissioner*, 439 U.S. 832, 99 S.Ct. 110, 58 L.Ed.2d 127 (1978). Actual receipt of the notice is unnecessary; if it is mailed to the taxpayer's last known address it is adequate for the purposes of the statute. *Wallin v. Commissioner*, 744 F.2d 674, 676 (9th Cir.1984).

The "last known address" is "the address where the Commissioner reasonably believed the taxpayer wished to be reached." *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir.1976). It has been defined as the taxpayer's "last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the commissioner to send all communications." *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), *aff'd mem.*, 538 F.2d 334 (9th Cir.1976).

Although the mailing of notice to the taxpayer's last known address may not always provide actual notice to the taxpayer, this allowance for constructive notice protects the IRS from the overwhelming administrative burden of ascertaining each taxpayer's exact address at any given time. *Luhring v. Glotzbach*, 304 F.2d 556, 558–59 (4th Cir.1962); *Alta Sierra*, 62 T.C. at 374. To further this purpose, it becomes the responsibility of the taxpayer to communicate to the commissioner a "clear and concise notification" of any change in address. *Wallin v. Commissioner*, 744 F.2d 674, 676 (9th Cir.1984). This is not to say, however, that the IRS has no obligation to attempt to ascertain the taxpayer's new address; where it is shown that the IRS has failed to exercise reasonable care in

determining an address, a notice sent to the wrong address will not satisfy the statutory requirement, and the 90-day period will not begin to run. *See e.g., Wallin,* 744 F.2d at 677; *Crum v. Commissioner,* 635 F.2d 895, 899–901 (D.C.Cir.1980).

■ Guided by these principles, we must affirm the tax court. It is undisputed that the service mailed the original notice of deficiency on March 8, 1983. If this mailing triggered the running of the 90-day period, the petition filed on November 14, 1983 was properly dismissed as untimely. Thus, the narrow question before us is whether the March 8 notice was mailed to the taxpayer's last known address as required by § 6212(b)(1). Tadros claims that he did give the IRS sufficient notice of his change of address. One way was by filing his 1982 tax return with the new address. The other was by a letter he had sent to the IRS. Neither provided sufficient notice of the change of address.

While Tadros's 1982 tax return did list his new address, it was not received by the commissioner until after the mailing of the March 8 notice, and therefore did not in time apprise the IRS of the change. Thus, this case is distinguishable from those which hold that the filing of a subsequent return listing a new address constitutes notice to the commissioner. *See, e.g., Wallin,* 744 F.2d at 676.

Tadros wrote a letter to the IRS on January 25, 1983, over one month before the mailing of the original notice, and he claims that letter gave notice of his change of address. Addressed to the Commissioner of Internal Revenue in Holtsville, New York, the letter had Tadros's Jersey City address on the letterhead. It requested the IRS to provide Tadros with a copy of previous correspondence, and stated that the "last letter" was reportedly "lost or misplaced in the process of moving."

Not unexpectedly, the commissioner argues that the January 25th letter was inadequate to notify the IRS of a change in address since it did not state that Tadros had relocated permanently to the Jersey City address, failed to identify the prior correspondence, and did not even refer to Tadros's social security number. Characterizing the letter as nothing more than a "routine inquiry", the tax court held that it was insufficient to give the IRS notice of Tadros's new address. We agree.

Although Tadros's letter stated that the last letter from the IRS was "lost or misplaced in the process of moving", it indicated neither that Tadros had permanently moved, nor whether the Jersey City address on the letterhead was his new place of residence. Nor did it mention the old address or indicate that it was no longer to be used.

The steps taken by the IRS when the March 8 notice was returned as undeliverable show that it exercised reasonable care to ascertain Tadros's new address.

In short, we agree with the tax court that the March 8 deficiency notice was sent by the IRS to the taxpayer's "last known address" within the meaning of 26 U.S.C. § 6212(b)(1). Accordingly, its dismissal of the petition for lack of jurisdiction is affirmed.