T.C. Memo. 1996-474


UNITED STATES TAX COURT


WARREN RICHARD FOLLUM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7975-96.                    Filed October 22, 1996.


Warren Richard Follum, pro se.

<u>Jordan S. Musen</u> and <u>Paul G. Topolka</u>, for respondent.


MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 183.[1]

This matter is before the Court on respondent's motion to
dismiss for lack of jurisdiction, petitioner's motion to dismiss

_____

[1]  All section references are to the Internal Revenue Code in
effect for the years in issue, unless otherwise indicated.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

for lack of jurisdiction, and petitioner's motion to restrain collection. Although respondent contends that this case must be dismissed on the ground that petitioner failed to file his petition within the 90-day period prescribed in section 6213(a), petitioner argues that dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212. There being no question that we lack jurisdiction over the petition filed herein, we must resolve the parties' dispute respecting the proper ground for dismissal. Because we lack jurisdiction in this case, it follows, as discussed in greater detail below, that we likewise lack the authority to restrain collection in this case.

Background

In June 1994, respondent mailed a letter to petitioner at 274 Stoneycreek Drive, Rochester, New York (the Rochester address), proposing adjustments to his Federal income taxes for the years 1991, 1992, and 1993. Petitioner listed the Rochester address on his tax returns for the years 1990, 1991, 1992, and 1993 and continued to reside at that address until April 1995.

In April 1995, petitioner moved to Wilmington, North Carolina, in search of work. In the meantime, petitioner filed his 1994 Federal income tax return in March 1995 listing his address as P.O. Box 3673, Wilmington, North Carolina 28406-0673 (the Wilmington address).

In early August 1995, petitioner closed the Wilmington post office box and moved to 4997 Creek Road, Lewiston, New York (the Lewiston address).

On August 29, 1995, respondent mailed a letter to petitioner at the Wilmington address stating that petitioner's tax returns for 1990, 1991, 1992, and 1993 had been selected for audit and requesting that petitioner appear at respondent's offices in Wilmington on September 26, 1995. Petitioner maintains that he did not receive this letter. Respondent's files do not indicate that the letter was returned to respondent undelivered.

On September 27, 1995, respondent issued a second letter to petitioner at the Wilmington address proposing adjustments to petitioner's taxes for the years 1990, 1991, 1992, and 1993. Petitioner maintains that he did not receive this letter. Respondent's files do not indicate that the letter was returned to respondent undelivered.

On November 3, 1995, respondent mailed two separate notices of deficiency[2] to petitioner determining deficiencies in and an addition to his Federal income taxes for the taxable years 1990, 1991, 1992, and 1993 as follows:

---

[2] One of the notices includes the determination for 1990, and the other notice includes the determination for 1991, 1992, and 1993.

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|------------------------------|
| 1990 | $4,107 | --- |
| 1991 | 7,233 | --- |
| 1992 | 4,790 | $832 |
| 1993 | 3,232 | --- |

The notices of deficiency were mailed to petitioner in a single envelope addressed to petitioner at the Wilmington address as listed in petitioner's 1994 tax return--the last return filed by petitioner prior to the mailing of the above-described notices of deficiency.

Petitioner concedes that he did not provide respondent with notice of his change of address to the Lewiston address between the time that he filed his 1994 tax return and the date that respondent mailed the above-described notices of deficiency.

On February 23, 1996, the envelope bearing the notices of deficiency was returned to respondent undelivered and marked "BOX CLOSED UNABLE TO FORWARD RETURN TO SENDER". There is no explanation in the record why it took the U.S. Postal Service over 3 months to return to respondent the envelope bearing the undelivered notices of deficiency. In any event, upon receipt of the undelivered notices of deficiency, respondent's agents conducted a computer search in an effort to obtain petitioner's correct address. As a result of that search, and relying upon information reported to respondent by third parties on Forms 1099 and W-2, respondent mailed copies of the notices of deficiency to

petitioner at the Rochester address.  Apparently there was an outstanding forwarding request with the U.S. Postal Service from the Rochester address to the Lewiston address.  Petitioner received the copies of the notices sent at this point when they were forwarded to the Lewiston address.

Petitioner filed a petition for redetermination with the Court on April 29, 1996.  The petition was delivered to the Court in an envelope bearing a U.S. Postal Service postmark date of April 24, 1996.[3]

On June 17, 1996, respondent mailed separate notices of intent to levy to petitioner in respect of his tax liabilities for 1990, 1991, 1992, and 1993.  These notices were mailed to petitioner at the Lewiston address.

As indicated, respondent filed a motion to dismiss for lack of jurisdiction alleging that petitioner failed to file his petition within the 90-day period prescribed in section 6213(a). Petitioner filed both an objection to respondent's motion to dismiss and his own motion to dismiss for lack of jurisdiction alleging that the notices of deficiency were not mailed to his correct address.  Petitioner asserts that his last known address is the Rochester address--the address appearing on the tax

---

[3]  At the time the petition was filed, petitioner resided at Lewiston, New York.

returns for the years in issue.  In addition, petitioner filed a motion to restrain collection.

A hearing was conducted in this case in Washington, D.C. Petitioner and counsel for respondent appeared at the hearing and presented argument in respect of the pending motions.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.  The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a).

Respondent mailed the notices of deficiency in this case on November 3, 1995. The petition in this case was postmarked April 24, 1996, and was filed by the Court on April 29, 1996. Given that the petition was neither mailed nor filed prior to the expiration of the 90-day statutory period for filing a timely petition, it follows that we lack jurisdiction over the petition. Secs. 6213(a), 7502; Rule 13(a), (c); see Normac, Inc. v. Commissioner, supra.

The question presented is whether dismissal of this case should be premised on petitioner's failure to file a timely petition under section 6213(a) or on respondent's failure to issue a valid notice of deficiency under section 6212. As previously indicated, petitioner contends that respondent failed to mail the notices of deficiency to his last known address. We disagree.

Petitioner contends that his last known address was the Rochester address--the address listed in his tax returns for the years in issue. Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. The taxpayer bears the burden of

proving that a notice of deficiency was not sent to his last known address. Yusko v. Commissioner, supra at 808.

Contrary to petitioner's position, we conclude that the notices of deficiency were mailed to his last known address. Respondent mailed the notices of deficiency to petitioner at the Wilmington address--the address appearing on petitioner's 1994 tax return, which was the last return filed by petitioner prior to the mailing of the notices of deficiency. Moreover, petitioner concedes that, after filing his 1994 tax return but prior to the mailing of the notices of deficiency, he did not provide respondent with clear and concise notice that he intended for respondent to correspond with him at any address other than the Wilmington address.

Petitioner erroneously relies on Armstrong v. Commissioner, 15 F.3d 970 (10th Cir. 1994), affg. T.C. Memo. 1992-328, for the proposition that his last known address is the address appearing on his tax returns for the years in issue. Specifically, Armstrong v. Commissioner, supra at 974, includes a statement, consistent with the principle articulated above, that the address on the taxpayer's most recent tax return is ordinarily treated as the taxpayer's last known address. Although the court in Armstrong held that the address appearing on the taxpayer's tax returns for the years in issue constituted the taxpayer's last known address, it did so only after finding that the revenue

agent had alertly discovered that the address appearing on the taxpayer's most recent tax return was nonexistent. Id. In this regard, petitioner's reliance on Armstrong is misplaced.

Petitioner also contends that respondent did not exercise reasonable diligence in ascertaining his correct address. Underlying this argument is petitioner's assumption that respondent was aware, prior to issuing the notices of deficiency, that the Wilmington address was incorrect. In particular, petitioner contends that, because he did not receive the two letters that respondent mailed to him at the Wilmington address during August and September 1995, those letters must have been returned to respondent undelivered. However, we are unable to conclude, on the record presented, that the letters in question were returned to respondent undelivered. In short, respondent has no record in her files indicating that the letters were returned undelivered, and petitioner presented no evidence to show otherwise. Under the circumstances, we are not persuaded that respondent failed to exercise reasonable diligence in ascertaining petitioner's correct address.

In accordance with the preceding discussion, we hold that respondent mailed the notices of deficiency to petitioner at his last known address. As a consequence, we will grant respondent's motion to dismiss for lack of jurisdiction on the ground that

petitioner failed to file a timely petition for redetermination, and we will deny petitioner's motion to dismiss.[4]

With the foregoing as background, we turn to petitioner's motion to restrain collection. Under section 6213(a), our jurisdiction to restrain the Commissioner from assessing or collecting a tax deficiency is limited to cases where "a timely petition for redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." See Powerstein v. Commissioner, 99 T.C. 466, 471 (1992); Powell v. Commissioner, 96 T.C. 707, 710-711 (1991). Because petitioner failed to file a timely petition for redetermination, it follows that we lack the authority to restrain respondent from collecting taxes for the years in question.

To reflect the foregoing,

> An order will be entered granting respondent's motion to dismiss for lack of jurisdiction, denying petitioner's motion to dismiss for lack of jurisdiction,

---

[4] Although petitioner cannot pursue his case in this Court, he is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

<u>and denying petitioner's motion to</u>

<u>restrain collection</u>.