T.C. Memo. 1997-114


UNITED STATES TAX COURT


MANLEY MULLINGS AND MELVINA BARNES-MULLINGS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8858-95.                    Filed March 5, 1997.


Manley Mullings and Melvina Barnes-Mullings, pro sese.

<u>Linda P. Azmon</u> and <u>Laurence D. Ziegler</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Norman H. Wolfe pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.  All section references
are to the Internal Revenue Code in effect for the tax years in
issue, unless otherwise indicated.  All Rule references are to

the Tax Court Rules of Practice and Procedure.  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

WOLFE, Special Trial Judge:  This matter is before the Court on petitioners' motion to vacate order of dismissal.  A hearing has been held on petitioners' motion.

Petitioners resided at 1500 Putnam Avenue, Brooklyn, New York 11237, when their petition was filed.  Such address was petitioners' last known address at all times relevant to this case.

On April 17, 1989, respondent mailed a notice of deficiency for taxable year 1985 by certified mail to petitioners at their last known address.  Petitioners received that notice without delay.

On May 24, 1995, petitioners filed a petition with this Court pertaining to taxable years 1985 and 1986.  Petitioners filed an amended petition pertaining to those same years on June 12, 1995.[1]

Respondent filed a motion to dismiss for lack of jurisdiction on July 17, 1995, and petitioners filed an objection thereto one week later.  In her motion, respondent moved for dismissal with respect to 1985 on the ground that the petition

---

[1]    The amended petition was filed in response to this Court's order for proper petition and filing fee.

was not filed timely, and with respect to 1986 on the ground that a notice of deficiency had not been issued for that year. On August 10, 1995, this Court granted respondent's motion and entered an order of dismissal for lack of jurisdiction on the grounds asserted by respondent in her motion. Thereafter, petitioners filed a motion to vacate order of dismissal, and respondent filed an objection thereto soon thereafter. In her objection, respondent asserted for the first time that a notice of deficiency for taxable year 1986 had been issued to petitioners on March 8, 1990. Respondent contends that this Court still lacks jurisdiction over 1986, as well as 1985, on the ground that the petition was not filed timely.

The jurisdiction of this Court is governed by statute. Sec. 7442. In order to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). Under section 6212, a notice of deficiency is sufficient if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). A notice of deficiency will be deemed valid, whether or not received by the taxpayer, if it was mailed to the taxpayer's last known address. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985), affg. an unpublished Order of this Court; Frieling v. Commissioner, 81 T.C. 42, 48, 52 (1983). In general, a petition must be filed with the Tax Court within 90

- 4 -

days from the date a statutory notice of deficiency is mailed to a taxpayer residing in the United States. Sec. 6213(a). If a petition is not filed within the 90-day period, this Court does not acquire jurisdiction of the case. Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974).

The petition in this case was filed on May 24, 1995. As indicated above, if there is a valid notice of deficiency and the petition is filed after expiration of the statutory filing period, the petition must be dismissed for lack of jurisdiction as untimely. Sec. 6213(a); Rule 13(a), (c); see Monge v. Commissioner, supra at 27; Abeles v. Commissioner, supra at 1026, 1027. However, if the notice of deficiency is invalid or if no deficiency notice was issued, we will dismiss the case with respect to either or both years for lack of jurisdiction on that ground. See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), supplemented by T.C. Memo. 1990-524, affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).

Petitioners acknowledge that the 1985 notice of deficiency was properly mailed on April 17, 1989, and that they received it without prejudicial delay. Petitioners do not contend that the 1985 notice was insufficient in any respect when it was issued. Instead, petitioners argue that respondent should be estopped from claiming the petition is time-barred on equitable grounds. With respect to the 1986 notice, petitioners dispute that respondent prepared such notice in 1990 and, in any event,

contend that respondent failed to mail it to their last known address.

In support of their argument that respondent should be estopped from claiming that the petition for 1985 was not filed timely, petitioners claim that they did not file a petition sooner because respondent advised them to have the audit reopened instead of filing a petition with this Court.  Although the argument is not clearly articulated by petitioners, apparently they claim that respondent had rescinded the notice of deficiency under section 6212(d) prior to the date they were required to file a petition with this Court.

Section 6212(d) provides that the Secretary may, with the consent of the taxpayer, rescind any notice of deficiency mailed to the taxpayer.  The taxpayer has no right to file a petition with the Tax Court based on a rescinded notice of deficiency. Sec. 6212(d).  Section 6212(d) requires mutual consent by the Secretary and the taxpayer to effect a rescission of a notice of deficiency.[2]  See Slattery v. Commissioner, T.C. Memo. 1995-274.

Documents submitted by the parties show that in 1989 respondent reopened the 1985 audit at petitioners' request and that this second phase of the audit was not completed for several

[2]    The Internal Revenue Service has provided guidance to taxpayers wishing to consent to the rescission of a notice of deficiency.  See Rev. Proc. 88-17, 1988-1 C.B. 692.  This revenue procedure advises the taxpayer to request Form 8626, Agreement to Rescind Notice of Deficiency, which becomes effective when executed on behalf of the Commissioner.

years.  However, in the record there is no documentation of an agreement by the parties to rescind the 1985 notice of deficiency.  By itself, the reopening of the 1985 audit in 1989, well after the running of the 90-day period, did not effect a rescission.  See Slattery v. Commissioner, supra.  The record here does not indicate that respondent ever considered rescinding the notice of deficiency or ever suggested to petitioners the possibility of rescission.  The record does not support the conclusion that petitioners somehow were misled into thinking there had been a rescission of the deficiency notice.  In a letter to respondent dated October 10, 1991, petitioners themselves indicate that they were warned that continued efforts to achieve an administrative resolution would not suspend the 90-day period.  Petitioners wrote:  "we contacted [the Internal Revenue Service] person listed on the [1985 notice of deficiency,] . . . [and he] informed us, that we did not have to go to court, for the IRS could resolve the matter, but we had 90 days to contest the deficiency in court."  (Emphasis added.) Petitioners' own statement summarizes the circumstances of this record:  after the mailing of the notice of deficiency petitioners urged further administrative consideration of the case.  Respondent's representatives agreed to conduct such further review but expressly warned petitioners that they had only 90 days to file a petition with the Tax Court, regardless of any administrative review.  The circumstances are inconsistent

with any suggestion of rescission of the deficiency notice. We conclude that the 1985 notice of deficiency was not rescinded pursuant to section 6212(d).

Accordingly, we hold that we lack jurisdiction with respect to 1985 because the petition was not filed timely.

With respect to petitioners' 1986 tax year, in the motion to dismiss for lack of jurisdiction filed by respondent on July 17, 1995, respondent represented:

> 7. With respect to the year 1986 no statutory notice of deficiency were [sic] issued to petitioner by respondent.
> 8. The petitioners seeks [sic] a release of a lien that was placed on their property after failing to pay their taxes for that year. Said liability was self assessed as a result of the filing of their 1986 income tax return without any remittance.
> 9. The petitioners have not attached a copy of any statutory notice of deficiency for 1986 to their petition as required by Tax Court Rule 34(b)(8) and have failed to establish that the Court has acquired jurisdiction pursuant to I.R.C. § 6213 and Tax Court Rule 13.

Relying upon respondent's representations, this Court granted respondent's motion to dismiss with respect to 1986 and stated:

> petitioners have failed to establish that a notice of deficiency has been sent for the taxable year 1986, required by Internal Revenue Code, section 6213(a) to form a basis for an appeal to this Court for that year.

In their motion to vacate the order of dismissal, petitioners assert that they never received a notice of deficiency for 1986 and request the issuance of such notice so they can petition this Court. Respondent attached to her

objection to petitioners' motion to vacate and her supporting memorandum copies of a purported notice of deficiency for 1986 and a purported U.S. Postal Service Form 3877, reflecting postal service receipt. Respondent now states that a deficiency notice was mailed to petitioners' last known address for 1986 and that petitioners failed to file a petition with this Court within the time allowed by statute for such petition. However, petitioners contend that they never received a deficiency notice for 1986 and that the copies of documents attached to respondent's objection and memorandum are false. At the hearing on the present motion to vacate, respondent introduced no evidence concerning usual procedures in respondent's office for the preparation and mailing of deficiency notices or concerning the preparation and mailing of the deficiency notice for 1986 in this case. Respondent has failed to explain the reason for her representation in her motion to dismiss to the effect that no deficiency notice had been issued to petitioners with respect to 1986 as contrasted with respondent's present assertion, disputed by petitioners, that such a deficiency notice was sent to petitioners. Under such circumstances, at the least, respondent should have provided a witness or otherwise introduced a copy of the disputed notice of deficiency into evidence at the hearing on the present motion. Also, respondent should have provided evidence that she exercised due diligence in efforts to locate a deficiency notice for 1986 before representing to this Court, in support of a motion to

dismiss, that no deficiency notice had been issued for 1986.  <u>See</u> <u>Pietanza v. Commissioner</u>, T.C. Memo. 1990-524.  On this record, we hold respondent to her initial representations and adhere to our initial order dismissing this case as to 1986 on the ground that respondent failed to issue a deficiency notice.

Accordingly,

<u>An order will be issued denying</u> <u>petitioners' motion to vacate order of</u> <u>dismissal</u>.