Warren Richard FOLLUM,
Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 178, Docket 97–4011.

United States Court of Appeals,
Second Circuit.

Argued Oct. 6, 1997.

Decided Nov. 3, 1997.

Warren R. Follum, Lewiston, NY, Petitioner–Appellant pro se.

Randolph L. Hutter, Washington, DC (Loretta C. Argrett, Assistant Attorney General, Bruce R. Ellisen, Tax Division, Department of Justice, Washington, DC, on the brief), for Respondent–Appellee.

Before: KEARSE, MINER and CABRANES, Circuit Judges.

Per Curiam:

Petitioner Warren Richard Follum appeals from a decision of the United States Tax Court, Peter J. Panuthos, *Judge,* dismissing as untimely his petition for redetermination of income tax deficiencies. The tax court found that the petition was untimely because it was not filed within 90 days after respondent Commissioner of Internal Revenue ("Commissioner" or "IRS") mailed notices of deficiency to Follum at the address shown on his most recently filed income tax return, and that that address was the proper address for mailing such notices because at the time of mailing the Commissioner had no reason to know that Follum had moved. The court rejected Follum's contention that the IRS failed to show that it had sent the deficiency

notices to Follum by certified mail. Follum challenges these rulings on appeal. Finding no basis for reversal, we affirm substantially for the reasons stated in Judge Panuthos's Memorandum Opinion dated October 22, 1996, reported at 72 T.C.M. (CCH) 1076, 1996 WL 601854 (1996).

The factual findings of the tax court must be upheld on appeal unless they are clearly erroneous. *See, e.g., Commissioner v. Duberstein,* 363 U.S. 278, 289–91, 80 S.Ct. 1190, 1198–99, 4 L.Ed.2d 1218 (1960); *Andrew Crispo Gallery, Inc. v. Commissioner,* 16 F.3d 1336, 1340–41 (2d Cir.1994); *DeMartino v. Commissioner,* 862 F.2d 400, 406 (2d Cir.1988). The tax court's rulings of law are reviewed *de novo. See, e.g., Samuels, Kramer & Co. v. Commissioner,* 930 F.2d 975, 979 (2d Cir.), *cert. denied,* 502 U.S. 957, 112 S.Ct. 416, 116 L.Ed.2d 436 (1991). We see no basis for overturning the tax court's findings of fact or conclusions of law in the present case.

In order to collect a deficiency in income tax, the Commissioner must have mailed a notice of deficiency by certified or registered mail to the taxpayer at his last known address. 26 U.S.C. §§ 6212(a), (b)(1); *see, e.g., Hoffenberg v. Commissioner,* 905 F.2d 665, 666 (2d Cir.1990) (per curiam). The taxpayer's "last known address is the address where the Commissioner reasonably believed the taxpayer wished to be reached." *Tadros v. Commissioner,* 763 F.2d 89, 91 (2d Cir.1985) (internal quotation marks omitted). The address shown on the taxpayer's most recently filed return is his last known address unless the taxpayer has sent a notice of change of address. *See id.* at 92 (taxpayer's filing of a return listing a new address would constitute notice to the IRS of an address change).

The reasonableness of the Commissioner's belief as to what is the taxpayer's last known address is to be assessed as of the time of the IRS mailing. *See, e.g., Gaw v. Commissioner,* 45 F.3d 461, 465 (D.C.Cir. 1995); *Ward v. Commissioner,* 907 F.2d 517, 521 (5th Cir.1990). The Commissioner has an obligation to exercise reasonable diligence to ascertain the taxpayer's correct address if

prior to mailing the deficiency notice she has become aware that the address last known to the agency may be incorrect. *See Gaw v. Commissioner*, 45 F.3d at 465; *Tadros v. Commissioner*, 763 F.2d at 91–92. But if the IRS has been given no reason to believe that the address shown on the taxpayer's last filed income tax return is no longer current, the mailing of a notice of deficiency to that address is proper. It is the responsibility of the taxpayer to provide clear and concise notification to the IRS of any change of address. *See id.* at 91.

In order to challenge the IRS's deficiency determination in tax court, a taxpayer within the United States must file his petition in that court within 90 days after the IRS notice of deficiency was mailed. 26 U.S.C. § 6213(a). Whether or not the notice is actually received by the taxpayer, the 90–day period begins upon a proper mailing by the IRS. *See, e.g., Tadros v. Commissioner*, 763 F.2d at 91. After a proper mailing of the notice by the IRS, its remailing of the notice to a new address after receipt of information that the address it used had become inoperative does not afford the taxpayer a revived or extended opportunity to seek a redetermination in tax court. After expiration of the 90–day period without a timely challenge in tax court, the taxpayer's recourse is to pay the deficiency and commence an action in federal district court requesting a refund. 26 U.S.C. § 7422; *Tadros v. Commissioner*, 763 F.2d at 91.

In the present case, Follum resided in Rochester, New York, until April 1995; he filed federal income tax returns for the years 1990, 1991, 1992, and 1993 (the "tax years") showing a Rochester address. In March 1995, he moved to Wilmington, North Carolina ("Wilmington"), and he filed his 1994 federal income tax return showing P.O. Box 3673, Wilmington, as his address. In early August 1995, Follum moved to Lewiston, New York, and closed his Wilmington post office box. However, he did not so inform the IRS and did not prior to 1996 give the IRS notice that he intended that agency to correspond with him at any address other than the Wilmington address.

On August 29, 1995, the IRS mailed a letter to Follum at the Wilmington address, stating that his returns for the tax years had been selected for audit. On September 27, 1995, the IRS sent Follum a letter proposing adjustments to his taxes for those years. Follum maintains that he did not receive either of those letters. However, it was the IRS's practice to retain any returned envelopes in the pertinent taxpayer's file, and the tax court found that the IRS files did not contain the envelopes from those mailings, nor any other evidence to suggest that either letter was returned to the agency. No evidence was submitted to contradict this finding. Accordingly, there was no evidence that in the fall of 1995 the IRS was aware that its August and September mailings had not reached Follum and no basis during that period on which it should have suspected that the Wilmington address was not his current address.

On November 3, 1995, the IRS mailed to Follum at the Wilmington address two notices of deficiency, in a single envelope, covering the four tax years. On February 23, 1996, the envelope containing the deficiency notices was returned to the IRS undelivered, with a notation that the post office box had been closed and that the mail could not be forwarded. After searching third-party records such as W–2 forms, the IRS promptly remailed the notices to Follum's old Rochester address; from there they were forwarded to Follum in Lewiston, where he received them on March 6, 1996. By the time he received the notices, the 90–day period set by § 6213(a) for a redetermination suit in tax court had long passed.

The tax court found that the IRS had mailed the notices of deficiency to Follum's last known address and did not fail to exercise reasonable diligence to ascertain a new address for him. Since Follum conceded that he had not notified the IRS that he could no longer be reached at the Wilmington address shown on his 1994 return, and since there was no evidence that the IRS's August and September 1995 mailings to him at that address were returned to the IRS, the agency had no reason when it mailed the notices of deficiency to suspect that the Wil-

mington address was incorrect. We see no basis on which to overturn the tax court's findings. Because Follum did not file his tax court petition by February 1, 1996, *i.e.*, 90 days after November 3, 1995, the tax court properly ruled that it was without jurisdiction to entertain Follum's petition.

 Follum also contends that the 90–day period did not begin in November 1995 because there was insufficient proof that the IRS sent the notices of deficiency by certified mail. We disagree. The IRS presented to the tax court a list of its November 3, 1995 certified mailings of deficiency notices ("Certified Mail List" or "List"), compiled in accordance with its regular practices. The Certified Mail List, stamped by the post office and initialed by a postal employee, states that it is a receipt for certified mail sent on the date indicated by the postmark stamped on it. The List introduced by the IRS in the present case bears a circular postmark showing (a) the letters "USPS," (b) the city where the post office was located, and (c) the date November 3, 1995. Follum introduced a photocopy of part of the front of the envelope originally used to mail the notices of deficiency to him, which revealed a postage meter stamp showing the same city and date that appear in the postmark on the Certified Mail List, and postage paid in the amount of $3.26. Although Follum's partial photocopy of the envelope did not reveal a certified mail stamp, the Commissioner offered to introduce the envelope itself, the bottom of which bore an IRS stamp labeling it certified mail. The tax court ruled that introduction of the envelope itself was not necessary. Follum neither objected to the Certified Mail List nor presented any evidence to suggest that the List was inaccurate. We conclude that it was well within the discretion of the tax court to accept the Certified Mail List as sufficient proof that the notices of deficiency had been sent to Follum on November 3, 1995, by certified mail. *Accord Keado v. United States*, 853 F.2d 1209, 1213–14 (5th Cir.1988); *United States v. Ahrens*, 530 F.2d 781, 784–85 (8th Cir.1976).

Follum makes several additional arguments that were not made to the tax court. Those arguments are not properly before us, and Follum has made no showing that they must be considered in order to avoid a manifest injustice. *See generally Amalgamated Clothing & Textile Workers Union v. Wal–Mart Stores, Inc.*, 54 F.3d 69, 73 (2d Cir. 1995); *In re Teltronics Services, Inc.*, 762 F.2d 185, 192 (2d Cir.1985). Accordingly, we decline to address them.

### CONCLUSION

We have considered all of Follum's contentions that are properly before us and have found them to be without merit. The decision of the tax court dismissing the petition for lack of jurisdiction is affirmed.