T.C. Memo. 1998-339

UNITED STATES TAX COURT

JAMES A. AND MURIEL M. ANDREWS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18670-96.                     Filed September 23, 1998.

<u>Bernard S. Mark</u> and <u>Richard S. Kestenbaum</u>, for petitioners.

<u>Catherine R. Chastanet</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case is before the Court on petitioners'
and respondent's motions to dismiss for lack of jurisdiction.
The issue is whether the notice of deficiency in this case was
mailed to petitioners' "last known address" for purposes of

section 6212(b)(1).[1]  Respondent argues that the notice of deficiency in this case was mailed to petitioners' last known address and that the petition was untimely because it was not filed within 90 days after the notice of deficiency was mailed. Petitioners argue that the notice of deficiency is invalid because it was not mailed to petitioners' last known address and that the 3-year period of limitations on assessment has run.  A hearing was held on the motions, and the parties submitted memoranda of law in support of their motions.[2]  We find that the notice was mailed to the last known address and therefore grant respondent's motion and deny petitioners' motion.

On their petition, petitioners listed their address as c/o G. Braun Oyster Co., P.O. Box 971, Cutchogue, New York 11935, which is the workplace of petitioner James A. Andrews (petitioner).  Petitioners have resided since 1988 at 772 Indian Neck Lane, Peconic, New York.  Their correct mailing address since 1987, when they obtained their current post office box, has been P.O. Box 227, Peconic, New York 11958 (the Box 227 address).

---

[1] Unless otherwise noted, all section references are to the Internal Revenue Code.

[2] In their motion to dismiss, petitioners initially argued that respondent's motion to dismiss was untimely and that the case should be dismissed in petitioners' favor on that basis.  At the hearing, petitioners withdrew this argument.  The parties agreed at the hearing, and argue on brief, that the issue in the case is whether the notice of deficiency was sent to petitioners' last known address.

The U.S. Postal Service does not deliver mail to petitioners at their residence; instead, petitioners obtain their mail from P.O. Box 227 at the Peconic, New York, branch of the U.S. Postal Service. However, mail addressed to them at 772 Indian Neck Lane, Peconic, New York, is put into P.O. Box 227.

On April 2, 1996, respondent mailed a notice of deficiency with respect to petitioners' 1992 taxable year to them by certified mail at the Box 227 address.[3] The address on petitioners' 1992 and 1993 tax returns was the Box 227 address. The address on their timely filed 1994 return, the last return they filed before the notice of deficiency was mailed, was as follows: 772 Indian Neck Lane, P.O. Box 227, Peconic, New York 11958. In January and February 1996, petitioners received certified mail from the IRS at the Box 227 address. Petitioners failed to include an address on their 1995 return, which was filed on or about April 12, 1996.

In February 1996, petitioner and petitioners' accountant, Cyril Bezkorowajny, met with a revenue agent with respect to an examination he was conducting of an employee benefit plan in which petitioner participated. From that time on, petitioner and Mr. Bezkorowajny were aware that it was likely that petitioners would be receiving a notice of deficiency with respect to the

---

[3] The notice was dated Apr. 3, 1996, but was actually mailed on Apr. 2.

1992 taxable year. Petitioners and Mr. Bezkorowajny also were aware that the 3-year period of limitations with respect to the 1992 taxable year would shortly expire.[4]

On March 5, 1996, slightly less than a month before the mailing of the notice of deficiency, Mr. Bezkorowajny hand-delivered two documents to the IRS Taxpayer Service Center on Fulton Street in Brooklyn, New York. The first document was a letter, over Mr. Bezkorowajny's signature, requesting certain publications and a transcript of petitioners' account and asking the following:

> Could you send this information to them [i.e., petitioners] and all future mail as soon as possible at the current address of: James A. & Muriel M. Andrews c\o G. Braun Oyster Co. P.O. Box 971 Cutchogue, N.Y. 11935 [the Braun Co. address].

As previously noted, the Braun Co. address is the mailing address for petitioner's place of employment. The letter was addressed to the "District Director" and did not contain the examining agent's name or advise that petitioners were currently under audit, stating instead that "My client is trying to determine his tax and * * * needs a transcript of his account for the year 1992." The second document, attached to the letter, was a Form

---

[4] In January 1996, respondent sought petitioners' consent to extend the period of limitations for 1992, advising in a letter that it would expire soon. Petitioners responded that same month by seeking to narrow the scope of the consent. There is no evidence in the record that petitioners ever consented to an extension, and they allege in the petition that the 3-year period of limitations expired on or about Apr. 15, 1996.

2848, Power of Attorney and Declaration of Representative, executed by petitioners giving power of attorney to Mr. Bezkorowajny. (We will refer to the letter as the March 5 letter and the power of attorney form as Form 2848.) The Form 2848 contained the following preprinted sentence: "Notices and other written communications will be sent to the first representative listed in line 2." This sentence was altered to read as follows: "Notices and other written communications will be sent to the taxpayer listed in line 1. No copies to be sent to Representative stated above." Line 1 of the Form 2848 contained petitioners' names and the Box 227 address.

According to Mr. Bezkorowajny, a certified public accountant and former IRS Appeals officer, he hand-delivered the two documents to the Taxpayer Service Center in Brooklyn in order to comply with Rev. Proc. 90-18, 1990-1 C.B. 491, 492, which contains the following instructions:

> If a taxpayer no longer wishes the address of record to
> be the one shown on the most recently filed return,
> * * * clear and concise written notification of a
> change of address must be sent to the Internal Revenue
> Service Center serving the taxpayer's old address or to
> the Chief, Taxpayer Service Division in the local
> district office. * * *

Rev. Proc. 90-18, supra, also provides as follows:

> If a Service employee contacts a taxpayer in connection
> with the filing of a return or an adjustment in the
> taxpayer's account, the taxpayer may provide clear and
> concise written notification of a change of address to

the Service employee who initiated the contact.  * * *

In response to the March 5 letter, the IRS sent a form letter, Letter 1721(DO), dated March 13, 1996, to petitioners at the Braun Co. address.  The letter indicated that the requested transcript of petitioners' account was enclosed.  In addition, in a section in the form letter designed for nonstandard notices, the following was written:

> YOUR 1992 RETURN IS BEING AUDITED.  IF YOU OWE ANY MONEY YOU WILL RECEIVE A BILL.  WE ARE ENCLOSING THE PUBLICATIONS YOU HAVE REQUESTED AND A FORM 8822 FOR A CHANGE OF ADDRESS.  PLEASE RETURN FORM IN ENCLOSED ENVELOPE IF YOU WANT ADDRESS CHANGED.

Petitioners received the form letter but did not respond to it.

As previously noted, the notice of deficiency was mailed on April 2, 1996.  On April 4, 1996, the Peconic, New York, branch of the U.S. Postal Service received the envelope containing the notice of deficiency.  Also on April 4, the Peconic postmaster put a notice of delivery of certified mail, PS Form 3849, into P.O. Box 227.  When the notice of deficiency was not claimed by petitioners, the postmaster put a second notice of delivery of certified mail into P.O. Box 227 on May 11.  The notices of delivery indicated that the certified mail was from the IRS. Neither notice of delivery was responded to, and as a result, on or after May 20, the envelope containing the notice of deficiency was marked "unclaimed" and returned to the IRS.  Petitioner testified that petitioners never received any mail from the IRS

or any notices of delivery of certified mail from the IRS after the March 5 letter.

The notice of deficiency had been prepared and mailed by IRS employee Janet Mak. Before Ms. Mak mailed the notice of deficiency, she verified petitioners' mailing address by examining addresses of correspondence in the administrative file and by checking the Integrated Data Retrieval System (IDRS), a computer database used by the IRS. Ms. Mak was not aware of any other computer systems maintained by the IRS that would contain petitioners' address. Further, IDRS was the only system to which she had access. If the address in the file and the address in IDRS were different, it was Ms. Mak's procedure to send a notice to each address. When Ms. Mak prepared the notice of deficiency, the administrative file contained copies of the documents that had been sent by certified mail to, and claimed and received by, petitioners at the Box 227 address in January and February 1996. Moreover, when Ms. Mak prepared the notice of deficiency, IDRS showed the Box 227 address as petitioners' address. Ms. Mak was not aware of the existence of the March 5 letter or the Form 2848 when she determined where to mail the notice of deficiency.

The IRS received the unclaimed envelope containing the notice of deficiency on May 28. When Ms. Mak received the unclaimed envelope, she checked IDRS, and it showed a different address; namely, petitioners' street address, 772 Indian Neck

Lane, Peconic, New York.  Ms. Mak then sent a copy of the notice of deficiency to petitioners' street address at Indian Neck Lane,[5] with a cover letter dated May 31 stating the following:

> Enclosed is the statutory notice of deficiency that was mailed to you on April 03, 1996 and was returned to us unclaimed.

> It has come to our attention that your address has changed after the statutory notice of deficiency was mailed to your last known address as of April 03, 1996.

A notice of delivery of certified mail was put into petitioners' P.O. Box 227 notifying petitioners of the May 31 mailing. Petitioner testified that petitioners did not receive this notice of delivery of certified mail from the IRS.

According to petitioner and Mr. Bezkorowajny, they did not discover that a notice of deficiency had been issued, and did not receive a copy of it, until July 1996.  Mr. Bezkorowajny testified that he was representing other employees at George Braun Oyster Co., and he knew that they had been issued notices of deficiency with respect to the same employee benefits issue that was an issue in petitioners' audit.  Mr. Bezkorowajny testified that by July, when petitioner still had not received a notice of deficiency, Mr. Bezkorowajny called Ms. Mak and asked for copies of any papers sent to petitioners.  He further

---

[5] Ms. Mak included the ZIP code 11958-0227.  The last four digits of this ZIP code represented petitioners' P.O. box number at the Peconic, N.Y., branch of the U.S. Postal Service.

testified that, when he received a copy of the notice of deficiency and the May 31 letter, he advised petitioners that they had 90 days from May 31 to file a petition.

Discussion

When the Commissioner determines a deficiency in income tax, he may send a notice of deficiency by certified or registered mail to the taxpayer at his last known address.  Sec. 6212(a) and (b)(1).  The "last known address" is the address where the Commissioner reasonably believed the taxpayer wished to be reached.  Follum v. Commissioner, 128 F.3d 118, 119 (2d Cir. 1997), affg. per curiam T.C. Memo. 1996-474; Monge v. Commissioner, 93 T.C. 22, 27-28 (1989).  If mailed to the last known address, the notice is valid even if not received by the taxpayer and even if the Commissioner later receives information showing that the taxpayer resided at a different address.  See Tadros v. Commissioner, 763 F.2d 89 (2d Cir. 1985); Abeles v. Commissioner, 91 T.C. 1019 (1988).  The Commissioner is entitled to treat the address shown on the taxpayer's most recently filed and properly processed return as the taxpayer's last known address, absent clear and concise notification of an address change.  Follum v. Commissioner, supra at 119-120; Abeles v. Commissioner, supra at 1035.

The Court of Appeals for the Second Circuit, where an appeal in this case would lie, has held that the Commissioner has:

an obligation to exercise reasonable diligence to ascertain the taxpayer's correct address if prior to mailing the deficiency notice [he] has become aware that the address last known to the agency may be incorrect. * * *  [Follum v. Commissioner, supra at 119-120.]

The Court of Appeals recently applied this standard in Sicari v. Commissioner, 136 F.3d 925 (2d Cir. 1998), revg. and remanding T.C. Memo. 1997-104, in which it found that the Commissioner had failed to exercise reasonable diligence where, before mailing the deficiency notice to the old address, he had received several indications that the taxpayers had a new address and had himself entered it into a database and used it in two letters to the taxpayers as well as in a filing in the taxpayer husband's bankruptcy case.  Moreover, strictly speaking the "old" and "new" addresses at issue in Sicari were not for different locations; the "new" address was merely a more precise refinement of the "old" one (involving the addition of a box number), and the Court of Appeals concluded that the identity of the two addresses would have been "apparent" upon their comparison if the Service had conducted a diligent search of all its databases.

In the instant case, we believe that respondent exercised reasonable diligence to ascertain petitioners' correct address in the circumstances.  We note first that the instant case is distinguishable from Sicari in critical respects.  In Sicari, over 3 months prior to mailing the deficiency notice to the "old" address, the Commissioner had received a formal notification of

the taxpayer husband's bankruptcy filing employing the "new" address, and the Commissioner had at that time entered the "new" address in a database and sent two letters to the taxpayers at the "new" address. That the "old" and "new" addresses were the same location was deemed "apparent" in <u>Sicari</u>, taking into account all the information in the Service's files. In the instant case, less than 30 days prior to mailing the notice, respondent received petitioners' March 5 submissions, consisting of two sets of contradictory instructions regarding the address to which they wished correspondence to be sent: (1) A power of attorney form specifically altered to indicate that correspondence should be sent to the previously used old address (the Box 227 address), and (2) an attached cover letter directing that certain requested information and "future mail" be sent to a new, different address (the Braun Co. address). In response, respondent promptly (8 days later) sent a letter to petitioners at the new Braun Co. address advising that petitioners were under audit and that if they wished to effect a change of address, they should return an enclosed Form 8822, Change of Address. Although petitioners received this letter, they did not respond to it. Less than 3 weeks later, on April 2, 1996, with the 3-year period of limitations about to expire, respondent mailed the notice of deficiency to the old Box 227 address.

Given the conflicting information submitted to respondent by petitioners, respondent's efforts at clarification, and petitioners' failure to respond, we believe that respondent exercised reasonable diligence in attempting to ascertain petitioners' correct address, particularly in light of the brief period between the time respondent first became aware of a discrepancy in the addresses and the time when the 3-year period of limitations would expire. Unlike Sicari, the identity of the two addresses of which respondent was aware herein would not have been "apparent" upon comparison. Also, there is no evidence regarding which, if any, database maintained by respondent had been modified to reflect the Braun Co. address. The only evidence of respondent's use of the Braun Co. address was his letter seeking clarification of petitioners' conflicting address instructions. Given the ambiguity introduced by those instructions, we do not believe that respondent's continued use of the old Box 227 address constitutes a lack of reasonable diligence. As the Court of Appeals stated in Sicari:

> faced with two addresses corresponding to different locations * * * the Service could not be faulted for using the old address under circumstances where it had no particular reason to know at which of the two different locations the taxpayer was living. * * * [Sicari v. Commissioner, supra at 929-930.]

Nor was respondent required to send the notice to both addresses. "[R]easonable diligence does not require that the IRS send duplicate notices to every address of which it has knowledge."

Armstrong v. Commissioner, 15 F.3d 970, 974 (10th Cir. 1994) (quoted in Sicari v. Commissioner, supra at 930), affg. T.C. Memo. 1992-328. In the circumstances, we believe the Box 227 address remained the last known address for purposes of section 6212(b)(1).

It follows that respondent cannot be faulted for failing to make the Braun Co. address available to the person responsible for mailing the notice of deficiency or otherwise failing to enter the Braun Co. address in his databases. This is not a case where "the tax collector neglects to tell his right hand what his left is doing", Crum v. Commissioner, 635 F.2d 895, 900 (D.C. Cir. 1980), but instead is a case where the tax collector, after exercising reasonable diligence, "[has] no particular reason to know", Sicari v. Commissioner, supra at 930, which of two addresses is the one to which the taxpayer wishes the notice sent. We also note that the only address instructions actually signed by petitioners, namely, the instructions given on the Form 2848, were to use the Box 227 address.

Petitioners failed to give "clear and concise notification" of a change of address from the Box 227 address used on their most recently filed and properly processed return. Follum v. Commissioner, 128 F.3d at 119-120; Abeles v. Commissioner, 91 T.C. at 1035. Under the facts of this case, to the extent that respondent's awareness of discrepancies in petitioners' address

preferences may have imposed on him any further obligation of reasonable diligence, we believe he met that burden under the standard applied by the Court of Appeals for the Second Circuit. Cf. Sicari v. Commissioner, 136 F.2d 925 (2d Cir. 1998); Tadros v. Commissioner, 763 F.2d 89 (2d Cir. 1985).

Our conclusion is reinforced in this case by the actions of petitioners and their authorized representative, Mr. Bezkorowajny. Mr. Bezkorowajny claims that he hand-delivered the March 5 letter and power of attorney to the Taxpayer Service Center in Brooklyn because he was endeavoring to comply with Rev. Proc. 90-18, 1990-1 C.B. 491, which establishes procedures for taxpayers to make a change of address, and because he wanted to make certain that the agent auditing petitioners' return would receive the change of address "in time"--which we take to mean before issuance of the notice or expiration of the 3-year period of limitations, which was near. The problem with Mr. Bezkorowajny's explanation, as we see it, is that Rev. Proc. 90-18, supra, provides a considerably more direct means of notifying the examining agent of an address change when a taxpayer is under audit. As an alternative to notice to the service center, Rev. Proc. 90-18, supra, allows a taxpayer to effect a change of address by notifying the IRS employee who has initiated contact with him. If Mr. Bezkorowajny, a former IRS Appeals officer, had as his goal the prompt notification of the examining agent, it is

curious that he did not notify the agent directly, as provided for in Rev. Proc. 90-18, supra. Instead, his letter was addressed to the district director and did not mention either the examining agent's name or the fact that petitioners were currently under audit.

More problematic is the simultaneous submission to the service center of mutually contradictory instructions regarding the address to which correspondence should be sent, when the pendency of a notice of deficiency was known to petitioners and Mr. Bezkorowajny. The fact that the correspondence provisions of the power of attorney form were specifically altered to request that correspondence be sent to petitioners at the Box 227 address, while an accompanying letter of the same date was drafted to direct that correspondence be sent to the Braun Co. address, leads us to conclude that the address instructions were in patent conflict. In a similar vein, petitioners have offered no explanation of their failure to respond to respondent's March 13 letter seeking clarification of their intentions regarding an address change. We also note that approximately 1 month after respondent sought this clarification, petitioners filed their 1995 return and left the address section thereon blank. We believe it was at least foreseeable by petitioners and Mr. Bezkorowajny that their March 5 submissions would result in confusion regarding the address to which they wished the notice

of deficiency to be sent, and they subsequently avoided obvious opportunities to clarify the confusion. On this record, respondent was entitled to treat the Box 227 address as petitioners' last known address for purposes of section 6212(b)(1).

For a final argument, petitioners assert that the mailing of the copy of the notice of deficiency on May 31 constituted an abandonment of the original notice of deficiency, giving petitioners 90 days from May 31 in which to file a petition. Petitioners rely on Eppler v. Commissioner, 188 F.2d 95, 98 (7th Cir. 1951). In Eppler, on June 3 the Commissioner mailed a notice of deficiency by registered mail to the taxpayer's former address. On June 16, after the notice was returned undeliverable, the Commissioner remailed it by registered mail to the taxpayer's work address. The taxpayer filed a petition on September 14, within 90 days of the second mailing but more than 90 days after the first mailing. The Court of Appeals for the Seventh Circuit held that the taxpayer had 90 days after the second mailing in which to file a petition. Petitioners argue that under Eppler, they have 90 days from the May 31 mailing of the copy of the notice in which to file a petition. However, both the Court of Appeals for the Second Circuit and the Tax Court have held Eppler to be inapplicable where the first mailing was sent to the taxpayer's last known address, Pfeffer v.

Commissioner, 272 F.2d 383 (2d Cir. 1959), affg. a Memorandum Opinion of the this Court; James v. Commissioner, T.C. Memo. 1990-128, as we have held was done in the instant case.  As the Court of Appeals for the Second Circuit recently observed:

> After a proper mailing of the notice by the IRS, its remailing of the notice to a new address after receipt of information that the address it used had become inoperative does not afford the taxpayer a revived or extended opportunity to seek a redetermination in tax court. * * *  [Follum v. Commissioner, supra at 120.]

Thus, we hold that respondent did not abandon the original notice of deficiency dated April 3 and mailed April 2, 1996.  Since the notice of deficiency was sent to petitioners at their last known address within the meaning of section 6212(b)(1) and the petition in this case was not filed until August 27, 1996, well over 90 days after either April 2 or 3, 1996, the petition was not timely filed under section 6213(a).  Thus, we lack jurisdiction in this case.

For the reasons set out above, petitioners' motion to dismiss will be denied and respondent's motion to dismiss will be granted.  To reflect the foregoing,

An appropriate order of

dismissal for lack of jurisdiction

will be entered.