13-2231-ag
Grillo v. Comm'r

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT:  AMALYA L. KEARSE,
                    RAYMOND J. LOHIER, JR.,
                    SUSAN L. CARNEY,
                              *Circuit Judges.*

-------------------------------------------------------------------

ORTELLIO GRILLO, AWILDA GRILLO,

                              *Petitioners-Appellants*,

                    v.                                        No. 13-2231-ag

COMMISSIONER OF INTERNAL REVENUE,

                              *Respondent-Appellee.*

-------------------------------------------------------------------

FOR APPELLANTS:        ARTHUR LAWRENCE ALEXANDER, ESQ., New York, NY.

FOR APPELLEE: JOHN A. NOLET (Teresa E. McLaughlin, *on the brief*), *for* Kathryn Keneally, Assistant Attorney General, Tax Division, Department of Justice, Washington, DC.

Appeal from an order of the United States Tax Court (John O. Colvin, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the Tax Court is AFFIRMED.

Ortellio Grillo and Awilda Grillo appeal from an order of the United States Tax Court dismissing for lack of jurisdiction their untimely petition for a redetermination of an income tax deficiency. On appeal, the Grillos argue that (1) the Tax Court erred in concluding that the Commissioner of Internal Revenue provided proper notice of the deficiency, and (2) the Commissioner's failure to provide proper notice deprived them of due process. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review the legal rulings of the Tax Court <u>de novo</u> and its factual determinations for clear error." <u>Scheidelman v. Comm'r</u>, 682 F.3d 189, 193 (2d Cir. 2012). In order to challenge the Commissioner's deficiency determination in Tax Court, the Grillos were required to file a petition in that court within ninety days after the Commissioner's "proper mailing" of the notice of deficiency. <u>Follum v. Comm'r</u>, 128 F.3d 118, 120 (2d Cir. 1997); <u>see</u> 26 U.S.C. § 6213(a). The notice is properly mailed if the Commissioner sends it by certified or registered mail to the taxpayer's "last known address." 26 U.S.C. §§ 6212, 6213; <u>Follum</u>, 128 F.3d at 119-20. "A late petition will be dismissed for lack of jurisdiction . . . ." <u>Hoffenberg v. Comm'r</u>, 905 F.2d 665, 666 (2d Cir. 1990).

The Grillos contend that the Tax Court erred in concluding that the Commissioner provided proper notice of the deficiency, arguing that the Commissioner failed to establish that a copy of the notice had been mailed to Awilda, not just Ortellio.  We are not persuaded.  The record evidence includes copies of (1) the notices mailed to each of the Grillos, (2) the corresponding postmarked envelopes bearing article numbers and other markings documenting the delivery attempts and eventual return of the notices, and (3) the address pages—one directed to Ortellio, and one to Awilda—for each envelope.  The Commissioner presented enough evidence for the Tax Court to conclude that a copy of the deficiency notice had been mailed to each petitioner.

The Grillos also claim that the Commissioner failed to mail the deficiency notices to the Grillos' last known address in accordance with Section 6212 of the Internal Revenue Code.  Our review of the record compels us to reject this claim as well.  "The address shown on the taxpayer's most recently filed return is his last known address unless the taxpayer has sent a notice of change of address." Follum, 128 F.3d at 119.  The Commissioner properly sent the deficiency notices to the address on the return most recently filed prior to the mailing of the notices. The Grillos notified the Commissioner of their change of address only after the notices of deficiency had been mailed.  Although the Grillos suggest otherwise, the ninety-day period for seeking a redetermination in tax court starts the day the deficiency notice is properly mailed to the last known address and is not tolled or extended by a taxpayer's subsequent notification of a change of address. See id. at 120.  Nor did the Grillos' execution of a Form 2848 Power of Attorney designating their accountant, Moses Morgenstern, as their representative, alter the taxpayer address to which the original notices of deficiency were to be mailed.  See McDonald v. Comm'r, 76 T.C. 750, 753 (1981) ("[C]opies of

3

correspondence sent pursuant to a request in a power of attorney are a matter of courtesy and in no way affect the mailing requirements of section 6212.").

Lastly, the Grillos argue that the Commissioner's allegedly improper mailing of the notices deprived them of due process because it prevented them from challenging the deficiency. This argument, too, lacks merit. We have already concluded that the Commissioner's mailing satisfied the notice requirements for collecting a deficiency. And the Grillos may still object by paying the deficiency, filing an administrative refund claim, and, if that claim is denied, bringing an action in the district court for a refund. See Tadros v. Comm'r, 763 F.2d 89, 91 (2d Cir. 1985).

We have considered the Grillos' remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the Tax Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court